IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Agence France Presse,<br>1015 15th St NW,<br>Washington, DC 20005 | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: 1:05CV00546 (GK) |
| v. | ) ) | |
| Google Inc.,<br>a California Corporation,<br>1600 Amphitheatre Pkwy,<br>Mountain View, CA 94043 | ) ) ) ) | **FIRST AMENDED COMPLAINT**<br>FOR PRELIMINARY AND PERMANENT<br>INJUNCTION AND COPYRIGHT<br>INFRINGEMENT |
| Defendant. | ) ) ) ) | |

Plaintiff, Agence France Presse ("AFP"), for its complaint against Defendant,

alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for preliminary and permanent injunctive relief and federal

copyright infringement under 17 U.S.C. §§ 101 et seq.

2.    AFP brings this action to prevent the continuing and irreparable harm that AFP is

suffering and will continue to suffer due to Defendant Google's willful infringement of

the copyright in AFP's photographs and news stories.

3.    Without AFP's permission, Defendant is reproducing and publicly displaying

AFP's photographs, headlines, and story leads on Defendant's news aggregation web site

found at http://news.google.com.

Dockets.Justia.com

## JURISDICTION AND VENUE

**4.** This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. §501, and 28 U.S.C. §§ 1331, 1332, and 1338.

**5.** As there is diversity of residency and citizenship among the parties and a sufficient amount in controversy, subject matter jurisdiction also exists under 28 U.S.C. § 1332.

**6.** Personal jurisdiction is proper under the District of Columbia's Long Arm Statute section 13.423(a)(4) because Defendant regularly does or solicits business in the District; persistently provides services to Internet users, consumers and advertisers in the District; and derives substantial revenue from services rendered in the District.

**7.** Personal jurisdiction is proper under the U.S. Constitution because Defendant's business in the District qualifies as sufficient minimum contacts between Defendant and the District such that exercise of personal jurisdiction would not offend due process.

**8.** Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because (i) Defendants conduct business in this judicial district and (ii) Defendants' actions have injured AFP, whose United States headquarters are in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff

**9.** Agence France Presse ("AFP") is the world's oldest established news agency, founded in 1835 by Charles-Louis Havas, the father of global journalism.

**10.** AFP maintains a worldwide operation, reaching thousands of subscribers via radio, television, newspapers, the Internet and companies from its main headquarters in Paris and regional centers in Washington, Hong Kong, Nicosia and Montevideo.

Through its subscribers AFP's photographs and stories reach millions of readers on a daily basis.

11.    AFP invests a great deal of time and money to acquire its news data to guarantee its top quality international service, which is tailored to the specific needs of clients in each region around the world.  AFP's photographs and news stories are original and creative works.

12.    AFP does not give away its content for free, but rather has set up a worldwide marketing apparatus through which it licenses its news photographs and articles directly or through agents to an extensive range of customers including newspapers, wires, web sites, aggregators, companies, governments, national and international agencies, and data services like Lexis-Nexis.

13.    AFP provides services to its customers either as a subscription, whereby AFP's wire(s) are made available, or on an *a la carte* basis, whereby customers may purchase single graphics or photographs.

14.    AFP licenses the use of its photographs to AFP clients for the purpose of accompanying news stories, headlines or to convey a news event on their own.

15.    All of AFP's images are available from and are posted on AFP's online database, Image Forum <www.imageforum.afp.com>.

16.    Through quarterly group registrations AFP has registered its copyrights in all of the images on its online database, Image Forum with the US Library of Congress's Copyright Office since at least January 1, 2002.

17.    AFP news stories are available only by subscription to one of AFP's wire service and are found on its online databases.

18.    The story headlines and leads[1] are qualitatively the most important aspects of a story and are painstakingly created. They capture the reader's attention and describe what the rest of the article is about.

19.    AFP has registered its copyrights in all of its news wires with the US Library of Congress's Copyright Office since at least January 1, 2002.

**Defendant**

20.    Google Inc. ("Defendant") *inter alia* operates the world's leading Internet search engine.

21.    Defendant offers separate search engines for the web, images, news groups, shopping sites, and many other special interest categories.

22.    Defendant also offers various Internet advertising solutions, including its AdWords and AdSense programs that generates ads that target the specific keywords searched for by its users.

23.    On information and belief, Defendant regularly sells advertising to customers in this judicial district.

24.    Defendant also offers a news aggregation service called "Google News" at http://news.google.com, which is not a search service but rather a collection of current news stories (from within the last 30 days) and photographs from over 4,500 news sources.  Defendant displays these news stories in categorized pages similar to newspaper sections divided into World, U.S., Business, Sci/Tech, Sports, Entertainment, and Health.

25.    Google News was launched on or around September 23, 2002.

26.    The home page for Google News does not look like the home page for the Google search engines (e.g. Web, Images, Groups, Froogle, and Local).  The typical Google

---

[1]   The story leads are the first sentence(s) of the new story.

search engine home page starts with a blank form with a "Search" button, in which the service's functions are initiated by a user input. Until the search is undertaken there is no information provided. In contrast the Google News home page looks more like a traditional newspaper or news aggregator with a multiple column layout, news headlines, news photos, story leads for the various news stories found on the page. The page also contains navigational links to additional pages of news sorted into the categories of World, U.S., Business, Sci/Tech, Sports, Entertainment, and Health.

**27.** The stories featured on the Google News page contain a headline in bold and large letters. Below this is the name of the news web site that published the story and a record of how many hours or days old the story is. Below this information is the story lead. Below the story lead are two more headlines accompanied by the name of the news publication from which they came. Below these headlines are the names of other news web sites containing a similar story. To the right of this block of information is the section's most dominate feature, a photograph illustrating the news event being reported.

**28.** Without AFP's authorization, Defendant is continuously and willfully reproducing and publicly displaying AFP's photographs, headlines and story leads on its Google News web pages. See Exh. A1 (which provides examples of Google's infringing activities regarding photographs in its of English language version generally and including infringements of AFP photographs); A2 (which provides examples of Google's infringing activities regarding headlines and story leads in its of English language version generally and including infringements of AFP headlines and story leads); A3 (which provides examples of Google's infringing activities regarding photographs in its of French language version generally and including infringements of AFP photographs); and

A4 (which provides examples of Google's infringing activities regarding headlines and story leads in its of French language version generally and including infringements of AFP headlines and story leads).

29.     For purposes of further illustration below is an example of the unauthorized use of an AFP photograph by Google and its source (English and French versions.

English Version:











French Version:





**30.** Defendant's use of AFP's photographs is not transformative in any way.

**31.** Defendant is using AFP's photographs in the exact same manner that its subscribers, other news aggregators and news publications, who actually pay for AFP's photographs, use them.

**32.** The Google News at www.google.com provides foreign language versions of its aggregated news stories.

**33.** AFP is currently aware that Defendant uses AFP's photographs, headlines and story leads on Google News pages in both its English (US and UK) and the French language versions of its news aggregation business.

**34.** On information and belief, Defendant has used, or is likely to use, AFP photographs, headlines and text on Google News foreign language versions of its site with stories from Argentina, Australia, Canada, Chile, Germany, Spain, France, India, Italia, México, New Zealand, Austria, Switzerland, U.K., U.S., China, Hong Kong, Japan, Korea, and Taiwan.

**35.** When Defendant reproduces and displays AFP's photographs, headlines and story leads it removes AFP's copyright management information found at the original source.

- Original AFP photograph with Copyright Management Information (CMI):



TOUTE L'INFO
L'évènement
Enjeux
Tout Genève
Genève en direct
Sport
Culture / Spectacle
Médias / Hi-tech
Sciences
Opinion
Reportages images
Concours photo
Dossiers
ENGLISH CORNER
Latest News
Going Out
Useful Links
English Forums
Polls
Quiz
INTERACTIF
Courrier des lecteurs
Conseil du spécialiste
Forums
Sondages

## L'info en continu   | Toutes les dépêches

Toutes les dépêches | Monde | Suisse | Economie | Culture/Société | Cinéma |
Médias/Hi-tech | Sport | Sciences/Environnement | International Organizatior

**01 mars 2005**

19:13 **Zapatero plaide pour l'Europe devant les députés frança**

PARIS (AFP)



Le chef du gouvernement espagnol
José Luis Rodriguez Zapatero
prononce un discours à
l'Assemblée nationale, le 1 mars à
Paris© AFP/Pool Eric Feferberg

Le chef du gouvernement espagnol José Luis Rodriguez Zapatero a plaid‹ mardi à Paris pour l'Europe devant le: députés, alors que le "non" à la Constitution européenne gagne du terrain en France.

Très applaudi à droite comme à gauche, à l'exception notable des communistes, M. Zapatero a vanté à fois une "Europe puissante", qui développe une politique étrangère commune "pour parler d'une seule v dans le monde" et "l'Europe sociale", "signe identitaire de l'Union européenne".

"L'Europe doit cesser d'être un observateur de l'ordre international, ell doit être un acteur décisif et pour acquérir cette force elle doit renforc‹ la politique de sécurité, la politique extérieure, la politique de lutte con

- Google News reproduction of AFP photograph with Copyright Management

Information (CMI) removed:



**36.**    Defendant has and continues to willfully infringe AFP's copyrights in its

photographs.

**37.**    Defendant has and continues to willfully infringe AFP's copyrights in its

headlines.

**38.**    Defendant has and continues to willfully infringe AFP's copyrights in its story

leads.

**39.**    Defendant is aware that it is infringing AFP's copyrights and it has done so since

the September 2002 launch of Google News.

**40.**    AFP has informed Defendant that it is not authorized to use AFP's copyrighted

material in this manner and has asked Defendant to cease and desist from infringing its

copyrights in its works, but Defendant has ignored these requests and as of the date of the

filing of this Complaint continues in an unabated manner to violate AFP's copyrights.

**41.**    Defendants are infringing the "heart" of AFP's stories by taking what qualitatively is the most important elements of the individual news stories (i.e., the photographs, headlines and story leads).

**42.**    On information and belief, Defendant has violated AFP's copyright thousands of times (an accurate count will be determined after discovery and review of all the stories and photos which have appeared on Google News).

**43.**    On information and belief, Defendant plans on licensing its news service to third party web sites, further exacerbating its infringements. See Exh. B for news article stating that Marissa Mayer, Google.com product manager, said that "the company plans to eventually license Google News Service to other sites."

**44.**    Defendant's use of AFP's photographs, headlines and story leads is in direct competition with AFP and its paid subscribers and licensees.

**45.**    Defendant's infringements are likely to usurp AFP's business relationships and opportunities. If Defendant licenses its service to third parties or if additional parties were to independently create a similar service, then these parties would have no reason to subscribe directly to AFP's services.

**46.**    Defendant's infringements are ongoing and continuous so that new AFP works are potentially infringed every minute of every day.

**47.**    Unrestricted and wide-spread conduct of the sort engaged in by Defendant will result in a substantially adverse impact on the potential market for AFP's services.

## COUNT I

### (Copyright Infringement in AFP's Photographs)

48.    AFP incorporates the prior paragraphs by reference.

49.    The AFP photographs are original copyrightable works.  AFP has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights in the works and has registered its copyrights in the works, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

50.    AFP owns all title and interest in the numerous copyrights of the photographs that have been reproduced and publicly displayed by Defendant.

51.    Defendant is infringing the copyrights of AFP's photographs by unlawfully reproducing and publicly displaying to the public identical copies of the photographs in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

52.    Defendant's infringements were and are willful, and executed with full knowledge of AFP's copyrights, and in conscious disregard for AFP's exclusive rights in the protected works.

53.    AFP is entitled to recover Defendant's profits, or at AFP's election, statutory damages in accordance with 17 U.S.C. § 504.

54.    Defendant's deliberate infringement of AFP's copyrights has greatly and irreparably damaged AFP, and Defendants will continue to damage AFP greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, AFP will have no adequate remedy at law.  Accordingly, AFP is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 502.

**55.**     AFP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## COUNT II

### (Copyright Infringement in AFP's Headlines)

**56.**     AFP incorporates the prior paragraphs by reference.

**57.**     AFP's headlines are original and many are creative copyrightable text and are qualitatively one of the most important aspects of AFP's news stories.  AFP has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights in the works and has registered its copyrights in the works, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations..

**58.**     AFP owns all title and interest in the numerous copyrights of the headlines that have been reproduced and publicly displayed by Defendant.

**59.**     Defendant is infringing the copyrights of AFP's headlines by unlawfully reproducing and publicly displaying to the public identical copies of the headlines in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

**60.**     Defendant's infringements were and are willful, and executed with full knowledge of AFP's copyrights, and in conscious disregard for AFP's exclusive rights in the protected text.

**61.**     AFP is entitled to recover Defendant's profits, or at AFP's election, statutory damages in accordance with 17 U.S.C. § 504.

**62.**     Defendant's deliberate infringement of AFP's copyrights has greatly and irreparably damaged AFP, and Defendants will continue to damage AFP greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, AFP will

have no adequate remedy at law. Accordingly, AFP is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 502.

**63.** AFP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## COUNT III

### (Copyright Infringement in AFP's Story Lead)

**64.** AFP incorporates the prior paragraphs by reference.

**65.** The AFP story leads are original copyrightable text and are qualitatively one of the most important aspects of AFP's news stories. AFP has complied in all respects with 17 U.S.C. §101, et seq. and secured the exclusive rights in the works and has registered its copyrights in the works, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

**66.** AFP owns all title and interest in the numerous copyrights of the lead sentences that have been reproduced and publicly displayed by Defendant.

**67.** Defendant is infringing the copyrights of AFP's story leads by unlawfully reproducing and publicly displaying to the public identical copies of the photographs in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

**68.** Defendant's infringements were and are willful, and executed with full knowledge of AFP's copyrights, and in conscious disregard for AFP's exclusive rights in the protected text.

**69.** AFP is entitled to recover Defendant's profits, or at AFP's election, statutory damages in accordance with 17 U.S.C. § 504.

**70.**    Defendant's deliberate infringement of AFP's copyrights has greatly and irreparably damaged AFP, and Defendants will continue to damage AFP greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, AFP will have no adequate remedy at law. Accordingly, AFP is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 502.

**71.**    AFP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

**COUNT IV**

**(Removal or Alteration of Copyright Management Information)**

**72.**    AFP incorporates the prior paragraphs by reference.

**73.**    When put out on the wire and properly published, AFP's stories and photographs are accompanied by copyright management information ("CMI"). Specifically, a credit line to AFP and/or a copyright notice.

**74.**    AFP will also embed "AFP" as a watermark in the bottom right hand corner of some of its photographs.

**75.**    The inclusion of AFP's name and/or copyright notices with its stories and photographs is "copyright management information" in accordance with 17 U.S.C. § 1202(c).

**76.**    When Defendant reproduces AFP's photographs they remove the CMI and do not show the AFP watermark, AFP credit line or AFP copyright notices.

**77.**    When Defendant reproduces AFP's photographs that do contain the AFP watermark, Defendant reduces the resolution of the picture so that the copyright management information is illegible.

78.    When Defendant reproduces AFP's headlines and story leads, it removes the copyright management information identifying AFP as the owner of the copyright.

79.    In violation of 17 U.S.C. § 1202(b)(1), Defendant has intentionally removed or altered the copyright management information.

80.    Defendant's removal or alteration of the copyright management information are willful, intentional, and executed with full knowledge of AFP's copyrights, and in conscious disregard for AFP's exclusive rights.

81.    Defendant's deliberate removal of AFP's copyright management information has greatly and irreparably damaged AFP, and Defendants will continue to damage AFP greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, AFP will have no adequate remedy at law.  Accordingly, AFP is entitled to a temporary and final injunction in accordance with 17 U.S.C. § 1203(b)(1).

82.    AFP is entitled to recover Defendant's profits, or at AFP's election, statutory damages in accordance with 17 U.S.C. § 1203(c).

83.    AFP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

### COUNT V

### (State Law Misappropriation of AFP's Hot News)

84.    AFP incorporates the prior paragraphs by reference.

85.    AFP generates and/or collects newsworthy information at a significant expense.

86.    The collected news which AFP offers has great economic worth.

87.    The value of the news that AFP delivers is that it is highly time-sensitive.

**88.**    Defendant's use of AFP's news photographs, headlines and lead sentences constitutes free-riding on AFP's costly efforts to generate or collect the information.

**89.**    Defendant's use of AFP's news is in direct competition with a service offered by AFP.

**90.**    If Defendant is allowed to continue its free-ride on AFP's efforts, and if other parties free-ride by Defendant's example, then the financial incentive for AFP to produce news services would be substantially reduced.  As a result, the quality of AFP's news services – if not its entire existence – would be in jeopardy.

**91.**    The AFP news photographs, headlines and lead sentences that Google has taken to display on its main Google News pages are "hot news" and usually less than 24 hours old.

**92.**    Defendant's deliberate misappropriation of AFP's hot news has greatly and irreparably damaged AFP, and Defendants will continue to damage AFP greatly and irreparably unless enjoined by this Court.  In the absence of injunctive relief, AFP will have no adequate remedy at law.  Accordingly, AFP is entitled to a temporary and final injunction.

**93.**    AFP is also entitled to damages for Defendant's misappropriation of AFP's hot news in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, AFP prays for judgment on all counts as follows:

1.   Judgment in favor of AFP against Defendants on Counts I through IV.

2.   An Order that preliminarily restrains and a Final Order that permanently enjoins Defendants from reproducing and/or publicly displaying AFP's photographs, headlines and story leads.

3.   An Order that preliminarily restrains and a Final Order that permanently enjoins Defendants from licensing its news service that reproduces and/or publicly displays the photographs, headlines and story leads of AFP.

4.   An Order that requires Defendants to delete all copyrighted images and text owned by AFP from their computers or web servers.

5.   An Order that requires Defendants to pay to AFP statutory damages of $150,000 per infringement under 17 U.S.C. § 504.  A total amount will not be known until discovery has taken place, but AFP anticipates an amount no less than $15,000,000.

6.   An Order that preliminarily restrains and a Final Order that permanently enjoins Defendants from removing AFP Copyright Management Information.

7.   An Order that requires Defendants to pay to AFP statutory damages of $25,000 for each instance of removal of copyright management information under 17 U.S.C. § 1203.  A total amount will not be known until discovery has taken place, but AFP anticipates an amount no less than $2,500,000.

8.     An Order requiring Defendants to file with this court within 30 days after the

       entry of final judgment a written statement, under oath, setting forth in detail the

       manner in which they have complied with the order.

9.     An Order that Defendants pay AFP for the costs of this action and its reasonable

       attorneys' fees.

10.    An Order granting AFP such other and further relief as this Court deems equitable

       and proper.

## DEMAND FOR JURY TRIAL

       AFP requests a trial by jury on all claims so triable.


                                    Respectfully submitted,

Dated: April 27, 2005               By:    _____
                                           Joshua J. Kaufman, Bar No. 945188
                                           Mary Jane Saunders, Bar No. 436608
                                           Jason A. Aquilino, Bar No. 479788
                                           VENABLE LLP
                                           575 7th Street, NW
                                           Washington, DC  20004-1601
                                           202-344-8538 (phone)
                                           202-344-8300 (fax)
                                           jjkaufman@venable.com

                                           *Counsel for Agence France Presse*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27 day of April, 2005, I caused a true copy of First Amended Complaint For Preliminary And Permanent Injunction and Copyright Infringement to be served on the following person by email, facsimile transmission and overnight delivery:

> Michael S. Kwun, Esq.
> Litigation Counsel
> Google Inc.
> 1600 Amphitheatre Parkway
> Mountain View, CA 94043
> 650-618-1806 (fax)
> mkwun@google.com

_____
Joshua J. Kaufman

DC2/637961




## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Agence France Presse,                  )
1015 15th St NW,                       )
Washington, DC 20005                   )
                                       )
            Plaintiff,                  )       CIVIL ACTION NO.: _____
                                       )
v.                                     )
                                       )       COMPLAINT FOR PRELIMINARY AND
Google Inc.,                           )       PERMANENT INJUNCTION AND
a California Corporation,               )       COPYRIGHT INFRINGEMENT
1600 Amphitheatre Pkwy,                )
Mountain View, CA 94043                )
                                       )
            Defendant.                  )
                                       )
_____)

### CERTIFICATE UNDER LCvR 7.1

I, the undersigned, counsel of record for Agence France Presse certify that to the

best of my knowledge and belief, that Agence France Presse has no parent companies,

subsidiaries or affiliates, which have any outstanding securities in the hands of the public.

These representations are made in order that judges of this court may determine

the need for recusal.

Respectfully submitted,

Dated: March /7, 2005          By:    _____
                                      Joshua J. Kaufman, Bar No. 945188
                                      Mary Jane Saunders, Bar No. 436608
                                      Jason A. Aquilino, Bar No. 479788
                                      VENABLE LLP
                                      575 7th Street, NW
                                      Washington, DC 20004-1601
                                      202-344-8538 (phone)
                                      202-344-8300 (fax)
                                      jjkaufman@venable.com

                                      *Counsel for Agence France Presse*