IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGENCE FRANCE PRESSE,  )<br>   *Plaintiff and Counter Defendant* )<br>  )<br>v. )<br>  )<br>GOOGLE, INC., )<br>   *Defendant and Counter Plaintiff* ) | Civil Action No.  1:05CV00546 (GK) |

**DEFENDANT/COUNTER PLAINTIFF GOOGLE'S
STATEMENT OF THE CASE AND STATUTORY BASIS**
(Filed pursuant to Order of May 25, 2005)

This case arises under the Copyright Act, 17 U.S.C. § 101 et seq., as it applies to one aspect of the Internet, the World Wide Web ("web").  The web is a decentralized collection of billions of pages of constantly changing content, stored on millions of computers owned and controlled by millions of independent entities and persons.  It is like an enormous library in which the volumes are shelved in random order and the content of the volumes keeps changing.

The business and mission of Defendant/Counter-Plaintiff Google Inc.'s ("Google") is to organize the world's information and thereby maximize its usefulness.  Google is best known for the tools it provides for locating information on the web.  Google News, the subject of this action, is a tool created by Google to help users identify and locate web pages containing news stories and images on a given subject.  When users visit Google News (*see* http://news.google.com) they view an index of hyperlinks ("links") to news stories and images, organized by topic to allow users quickly to find a variety of different sources for any given news topic.  The concept is similar to a Reader's Guide or card catalog, but adapted to the Internet.

To identify available news materials, the links on Google News include (a) headlines along with, in some cases, a snippet from the lead paragraphs, typically consisting of the first sentence of the story or less (the "lead fragment"), and/or (b) very low-resolution thumbnail images, fewer than 100 pixels by 100 pixels, that are small summaries of photographs (the "thumbnail links").  The thumbnails usually come from different websites than the headlines and lead fragments, but relate to the same general subject.  <u>Importantly, users cannot read a news story or view a full photograph on Google News</u>, but can only do so by clicking on the link provided, thereby leaving Google News and going to the independent web site on which the story or photograph is posted.

Exhibit A attached hereto illustrates the above description, using images taken from the web on June 3, 2005.  Any computer connected to the Internet can follow the described procedures to generate comparable images, but because the web's news content is constantly changing, the specific text and thumbnails will differ.  Because Google News is attempting to exclude links relating to Plaintiff's stories and images pending this litigation, they cannot now be observed on Google News.  However, they would be treated in the same way as the text and images shown.

Plaintiff Agence France Presse ("AFP") is a wire service that provides news articles and photographs to newspapers and similar entities for use in their publications and for presentation to the public on their websites.  AFP claims that when Google News identifies an AFP story by displaying a headline or a headline and lead fragment, that display infringes the AFP copyright protecting the article.  Similarly, AFP claims that when Google News uses a low-resolution thumbnail to identify an available AFP photograph, the thumbnail is an infringing copy and display.  AFP denies that such uses are a fair use, even though their function is to efficiently

direct Internet users to the original sites where AFP's stories (or some version created by an AFP licensee) or photographs have been posted for public view with AFP's consent.

AFP also alleges that Google has wrongfully removed AFP's "copyright management information" from the headlines, lead fragments and photographs previously contained in Google News in violation of 17 U.S.C. § 1202.  By this claim AFP appears to mean that the snippets displayed in the Google News index may not include copyright information or, in the case of thumbnails, the low resolution may render an embedded watermark illegible.  AFP does not deny that its full copyright management information is displayed when a viewer clicks on a link to view an originating site (if AFP or its licensee included it), nor does it assert that Google takes any action for the purpose of removing copyright information.

As an afterthought, AFP's Amended Complaint asserts that Google's index constitutes the tort of misappropriation.  Strikingly, although there are standard industry methods for easily designating web materials as off-limits, AFP allows its articles and images to be placed on the web without any such restriction.

Google flatly denies any infringement, violation of section 1202, or misappropriation, and seeks a declaratory judgment that its conduct is lawful.  Google's ultimate position is that its activities are not infringing, even as to valid and properly registered copyrights.  However, the Amended Complaint fails even to identify any particular copyrighted works owned by AFP or to cite a single copyright registration.  Thus, it permits serious doubt that AFP actually owns the copyrights it claims have been infringed.  To the extent that AFP owns registered copyrights, it is unclear what works are protected, and to what extent.  Whatever copyrights AFP may have surely do not independently protect the highly factual headlines and lead fragments in the manner AFP asserts.  In any event, Google News' use of those fragments to direct viewers

efficiently to websites where the entire articles are posted with AFP's consent is both a fair use and impliedly licensed. Similarly, low-resolution thumbnails are a fair and practical way to guide viewers to relevant original images, as even the Library of Congress (which includes the Copyright Office) recognizes and practices in its on-line indexes. See http://www.loc.gov/rr/print/catalogabt.html ("rights considerations" preclude display of copies of certain images to Internet users, so Library provides only thumbnail versions online; user must go on site to view original). AFP's claim relating to copyright management information fails because Google has not done any prohibited act and lacks the intent and knowledge required under section 1202. Finally, the notion that guiding viewers to news websites is a misappropriation is entirely without support under the laws of any state.

The copyright claims, defenses, and counterclaims all arise under the Copyright Act, 17 U.S.C. § 101 et seq. One provision that will receive extensive attention is section 107, which embodies the "fair use" principle that authorizes many forms of copying that are consistent with the ultimate goals of the Copyright Act. As noted above, however, AFP must satisfy many other provisions, ranging from those defining protected subject matter and infringement to those requiring proper registration, before any issue of fair use even arises. The misappropriation claim purportedly arises under the laws of unidentified states. The Amended Complaint asserts federal question and diversity jurisdiction.

Because AFP claims to derive its asserted copyrights from independent contractors and the text fragments and thumbnails displayed by Google News come from websites around the world that authorize reproduction and use in various ways, complete discovery will be extensive. The parties have agreed, for example, that each side should be allowed to take 30 depositions, in

-5-

addition to the depositions of any experts.  It is foreseeable, however, that early discovery may permit this case to be resolved on motions for summary judgment.

                                                Respectfully submitted,

Dated: June 15, 2005                            /s/ Thomas W. Kirby

                                                Andrew G. McBride (Bar No. 426697)
                                                Bruce G. Joseph (Bar No. 338236)
                                                Thomas W. Kirby (Bar No. 915231)
                                                WILEY REIN & FIELDING LLP
                                                1776 K St. NW
                                                Washington, DC  20006
                                                202.719.7000
                                                Fax: 202.719.7049

                                                Attorneys for Defendant
                                                Google Inc.