IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Agence France Presse,<br>1015 15th St NW,<br>Washington, DC 20005<br><br>        Plaintiff,<br><br>v.<br><br>Google Inc.,<br>a California Corporation,<br>1600 Amphitheatre Pkwy,<br>Mountain View, CA 94043<br><br>        Defendant. | CIVIL ACTION NO.: 1:05CV00546 (GK)<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND AFFIRMATIVE DEFENSE** |

      By its Response in opposition to AFP's Motion to Dismiss and in an attempt to salvage its otherwise flawed affirmative defense and counterclaims, Google oversimplifies the law of copyright and understates the serious nature of its infringement.

      <u>Counterclaim One Fails As a Matter of Law</u>.

      By its First Counterclaim, Google asks this Court to find that "AFP's headlines and parts of story leads or other text that it alleges are infringed, are not copyrighted subject matter under the Copyright Act." In its Opposition to the Motion to Dismiss, Google argues that the First Counterclaim should stand because "whatever AFP headlines and lead fragments AFP ultimately asserts will be shown to be so fact intensive and contain so little expression that they are not protectible by copyright." Opposition at page 2. Stripped of all rhetoric, the crux of Google's claim is that no news story can be protected under copyright, because news stories report facts.

Google's reliance on the Supreme Court's holding in *Feist Publishing Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 350 (1991) to support its sweeping proposition that news stories cannot receive copyright protection grossly oversimplifies the *Feist* decision. See Google Inc.'s Answer and Counterclaims at ¶ 178. The Supreme Court did hold that one may not copyright mere facts or ideas, however, the Supreme Court never said that copyright will never attach to fact-based works like news stories or that all fact-based works are available for all to use in any manner they see fit.

Contrary to Google's claim, copyright attaches to fact-based works like news stories. The threshold for copyrightability is minimal. The requisite characteristic is "originality." "Original," as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal level of creativity. *See Feist*, 499 U.S. at 358 ("Originality requires only that the author make the selection or arrangement independently ... and that it display some minimal level of creativity."); *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490-91 (2d Cir.1976) (in banc ) ("[W]hile a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will. * * * [T]o support a copyright there must be at least some substantial variation, not merely a trivial variation such as might occur in the translation to a different medium.").

AFP claims copyright in its original expression of facts as reflected in its news stories, not the facts themselves. The headlines, story leads and photographs reflect more than the minimum level of creativity required for copyright protection. Google has done more than just take the facts; it appropriated AFP's expression of the facts. Because

Google's First Counterclaim requires this Court to reject the Supreme Court's recognition that the threshold for copyright is low and that fact-based works qualify as protected expression, the Court should dismiss the Counterclaim at this initial stage.

        Counterclaim Three Fails As a Matter of Law.

Google's Third Counterclaim seeks a declaration that because AFP and its licensees did not secure AFP's copyright protected material from Google's trolling web crawlers AFP has effectively lost its statutorily mandated protection and assented to Google's use of the material.  This counterclaim fails because there is absolutely no requirement imposed on copyright owners to incorporate technological protections in their works before posting them on the Internet or authorizing others to do the same. Likewise, posting one's work on the Internet or authorizing others to do the same is not tantamount to dedicating the work to the public domain.  Copyright (and the right to control reproduction) persists even when a work is posted on the Internet.

Additionally, Google offers no facts upon which it bases its claim.  Google apparently *hopes* that through discovery it *might* ascertain facts which support its theory. Without a factual basis to support its allegations, Google's claim is at best premature and on  that basis, should be dismissed.

        Google's Tenth Affirmative Defense is Fatally Flawed.

Whether viewed as a Motion to Strike under Fed. R. Civ. P. 12(f) or a Motion to Dismiss under Fed. R. Civ. P. 12(b), AFP's Motion with respect to Google's Tenth Affirmative Defense is well taken.  Google readily admits that it reproduced certain AFP photographs, headlines, and story leads for its Google News service.  By its reproduction, Google infringed AFP's copyright.  Nevertheless, by its Tenth Affirmative Defense,

Google asserts that section 512 of the Copyright Act which protects service providers from merely transmitting, routing or providing connections to infringing material prepared by another, unrelated third party, immunizes Google from liability. After AFP pointed out that Google's activities do not meet the requirements of Section 512 because Google is direct, not indirect infringer, Google decided to abandon this affirmative defense. Before abandoning the inappropriate affirmative defense, however, Google wants AFP to agree to Google's interpretation of the nature of AFP's claim of infringement. AFP does not have to make any agreement or concessions about its claim of infringement for this Court to strike Google's Tenth Affirmative Defense. The affirmative defense fails on its face. A party that it directly responsible for the unauthorized reproduction of copyrighted material does not qualify for the safe harbor protections of Section 512 even if they might be viewed as a service provider in another context. *Corbis Corp. v. Amazon.com, Inc*., 351 F. Supp. 2d 1090 (W.D. Wash. 2004). Google is a direct infringer. Google decides what headlines, text and photographs it will take and reproduce with out the copyright owner's consent. Activity like this does meet the requirements of the safe harbor established under Section 512.

-5-

For the foregoing reasons, the Court should dismiss Google's First and Third Counterclaim and strike Google's Tenth Affirmative Defense.

Respectfully submitted,

Dated: June 28, 2005            By:        /s/ Mary Jane Saunders
                                       Joshua J. Kaufman, Bar No. 945188
                                       Mary Jane Saunders, Bar No. 436608
                                       VENABLE LLP
                                       575 7th Street, NW
                                       Washington, DC  20004-1601
                                       202-344-8538 (phone)
                                       202-344-8300 (fax)
                                       jjkaufman@venable.com

                                       *Counsel for Agence France Presse*