IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Agence France Presse,　　　　　　　　　　：
　　　　　　　Plaintiff　　　：

　　　　　　　　　　　　　　　　　　　　Civil Action No. 1:05CV00546 (GK)

　　　　　　　　　　　　　　　：
　　　　v.　　　　　　　　　　　：
　　　　　　　　　　　　　　　：
Google, Inc.,　　　　　：
　　　　　　　Defendant.　　：

### PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect trade secrets or research, developments or commercial information entitled to be kept confidential under Fed.R.Civ.P. 26(c)(7), and to insure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties, ORDERED:

　　1.　Confidential and Restricted Discovery Materials. This Protective Order shall govern the use of all information or documents including all copies, excerpts and summaries thereof, revealed or produced during the course of discovery in these proceedings by any party (including a person responding to third-party discovery) whether in response to a document request, interrogatory, deposition, subpoena or otherwise (hereafter referred to as "Discovery Materials"). In providing Discovery Materials, any party may designate as "Confidential" (in the manner described below) the whole or any part of any Discovery Materials which contain information not in the public domain that may be subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure where the person has made a good faith determination that: (a)

disclosure of such information threatens cognizable harm, and (b) there is good cause for seeking the Court's protection. Any documents so designated are hereafter referred to as "Confidential Documents" as described below. Designation of documents as Confidential Documents constitutes the designating person's certification that such person has reviewed the documents so designated and has made the determination referred to in subparagraphs (a) and (b) above. In addition, any party producing Confidential Information or Confidential Material during the course of this litigation which that party deems to be especially sensitive due to competitive factors (such as materials concerning current research, development, testing, marketing, sales, income, and profits), may further designate such information as "RESTRICTED". Any such documents so designated shall be referred to as "Restricted Documents".

2. Designating Confidential or Restricted Discovery Materials. To designate a document or transcript as Confidential or Restricted, the producing party must place the applicable legend on each restricted page. In the case of electronic or other recordings, the legend must be applied in a way that it will be noticed by a reasonable examiner and will give fair notice of the portions that are designated. Materials being produced for inspection and possible copying shall be deemed to be Restricted until copies are provided, at which point the appropriate legend shall be applied. Similarly, draft deposition transcripts may be designated as a whole by instructing the reporter to mark the cover, but final transcripts shall be marked on a page by page basis. Documents that contain or describe source code shall be deemed to be Restricted, whether or not so designated, unless the producing party confirms in writing that the documents are not Restricted or the Court so orders.

3. Non-disclosure of Confidential and Restricted Documents. Except with the prior

written or transcribed consent of the party originally designating a document to be stamped as a Confidential or Restricted Document, or as hereinafter provided under this order, no Confidential or Restricted Document may be disclosed to any person. However, nothing in this Order restricts disclosures by the producing party.

4. Permissible Disclosures. Notwithstanding paragraph 3, Confidential and Restricted Documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees or third-party contractors providing clerical or ministerial services (excluding consultants, expert witnesses, and the like) of such an attorney to the extent reasonably necessary to permit the attorney to render professional services in the litigation; to persons employed by or affiliated with the producing party or who otherwise have prior access to the documents or the confidential information contained therein; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (d), such documents may also be disclosed:

    (a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b) to client representatives, unless such confidential information is further designated with the legend "RESTRICTED," in which case, access to client representatives shall be denied;

    (c) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to independent outside

consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

    (1)    a recital that the signatory has read and understands this Order;

    (2)    a recital that the signatory understands that unauthorized disclosures of Confidential or Restricted Documents constitute contempt of court; and

    (3)    a statement that the signatory consents, solely for the purpose of enforcing this Order, to the exercise of personal jurisdiction by this Court.

    (d)    Before disclosing a Restricted Document to any person listed in subparagraph (c), the party wishing to make such disclosure shall endeavor to give ten (10) days' advanced notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the general purposes of such disclosure. The party receiving such a notice may request prompt disclosure of additional information bearing on possible risks of disclosure, such as the business affiliations and activities of the proposed recipients of disclosure. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted. The same procedure shall be followed before the disclosure of a

Confidential but not Restricted document to any person listed in subparagraph (c) above other than an independent outside consultant or possible expert witness. Circumstances may arise in which 10-day advance notice of particular disclosures is infeasible, and producing parties shall endeavor in good faith to respond promptly to occasional notices of contemplated disclosures with reduced lead time.

5.  Public Information. The restrictions set forth in the prior paragraphs shall not apply to (a) information that was in the possession of a receiving party prior to discovery thereof in this action in comparably usable form, or (b) information that was publicly available (without substantial research or analysis) prior to discovery thereof in this action or that thereafter becomes so publicly available other than through an act or omission of the party to whom the information was produced.

6.  Confidential and Restricted Information in Depositions.

(a)  A deponent may during the deposition be shown, and examined about, Confidential and Restricted Documents if the deponent is an employee or retained expert of the producing party or if the provisions of paragraph 3(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(c). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

(b)  Confidential information within a final deposition transcript shall be designated by marking pages containing such information with the following legend:

"CONFIDENTIAL" or "RESTRICTED," as appropriate. Such designations may be made even if the transcript was not previously designated.

7. Confidential Information at Trial. Subject to the Federal Rules of Evidence, Confidential and Restricted Documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the Court receive the evidence *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

8. Subpoena by Other Courts or Agencies. If a party that has received Confidential or Restricted documents or information is served with a court or an administrative agency subpoena, document request, civil investigative demand, or other process or order that seeks production or disclosure thereof, , such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

9. Filing. Stamped Confidential and Restricted Documents need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and marked as such and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential or Restricted Documents. Motions, memoranda, and similar documents that contain Confidential or Restricted information shall be filed under seal and shall be maintained under

seal unless the Court orders otherwise. Such documents shall state in their title that they are SEALED and the Confidential or Restricted information contained therein shall be identified by underscoring, shading, or some similar means to permit readers to immediately recognize what material is protected. Within three days after such a sealed filing is made, the filing party shall file a non-sealed version from which all Confidential and Restricted information has been redacted, noting that fact in the document's title.

10. Client Consultation. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential and Restricted Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 3(b) and (c).

11. Use. Persons obtaining access to Confidential and Restricted Documents under this order shall use the information only for preparation and trial of this or other related litigation (including appeals and retrials), and shall not use such information for any other business or commercial purpose. Related litigation shall include litigation between one or more of the parties in connection with the same or similar subject matters.

12. Non-Termination. The provisions of this Order shall not terminate at the conclusion of these actions. Within four (4) months after final conclusion of all aspects of this and any related litigation, including any appeals, Confidential and Restricted Documents and all copies of same (other than exhibits of record) shall be either returned to the party or person which produced such documents or destroyed, except that counsel for the producing party may retain an archive of work product, even though it may contain descriptions or summaries of

Confidential or Restricted information. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than five (5) months after final termination of this litigation.

13. Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential and Restricted Documents. Nothing contained in this Order shall prohibit the transmission or communication of Confidential or Restricted Documents and Confidential or Restricted Material by hand delivery; face-to-face conference; in sealed envelopes or containers via the mails or an established freight delivery or messenger service; or by telephone, telegram, facsimile or other electronic transmission system if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

14. Inadvertent Production. If a party discovers that it has inadvertently produced any Confidential or Restricted Documents or Material without labeling or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give prompt written notice to the receiving party that the document or thing previously produced, or a portion therein, is deemed Confidential (or, as appropriate, Restricted) and should be treated as such in accordance with the provisions of this Order. The receiving party must mark and treat such documents and things as Confidential (or, as appropriate, Restricted) from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Documents and Material to persons not authorized under this Order to receive such Documents and Material shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall

notify the other party in writing of all persons to whom such disclosure was made

15   Parties shall endeavor to agree informally on categories of documents or information that may be withheld as privileged without the necessity of detailed logs. If a Source becomes aware that privileged information or material has been inadvertently produced or disclosed during discovery, and immediately notifies all Recipients of the claim of privilege, all copies and records of such information or material shall be immediately destroyed by Recipients and any privilege shall not be waived or impaired by the inadvertent disclosure.

16.   Any Recipient that becomes aware of an unauthorized disclosure or dissemination of Discovery Material of any kind, including by inadvertence or theft, immediately shall initiate efforts to retrieve the material and prevent further unauthorized dissemination or disclosure and shall immediately notify the Source of the Discovery Material of the occurrence and of remedial measures undertaken. The Source and Recipient shall endeavor in good faith to agree on any further appropriate remedies.

17.   Declassification. If a party, after designating documents or parts thereof or deposition testimony as Confidential (or, as appropriate, Restricted), determines that such Documents or parts thereof no longer warrant protection under Fed. R. Civ. P. 26(c), the producing party shall give prompt written notice to the receiving party that the document or thing previously produced, or a substantial portion thereof, is no longer to be deemed Confidential (or, as appropriate, Restricted) or treated as such in accordance with the provisions of this Order.

A party that objects to the designation of specified discovery materials as "Confidential" or "Restricted" shall detail the objection and supporting grounds in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, any party (or

aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as Confidential or Restricted is not entitled to such status and protection on grounds stated. The party or other person that designated the document as Confidential or Restricted shall be given notice of the application and an opportunity to respond.

To maintain confidential or other protected status under this Order, the proponent of confidentiality must overcome by a preponderance of the evidence the grounds advanced in support of the objection. While the Court considers the request, the document shall continue to be treated as "Confidential" or "Restricted" and subject to this Order.

18. Modification Permitted. Nothing in this Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper. Nothing contained in this Order, nor any action taken in compliance with it, shall: (a) operate as (i) an admission by any party that any particular Document or Material is, or is not, admissible in evidence in this action, or (ii) the acquiescence of one party to the other party's designation of confidentiality that the Documents or Materials so designated are in fact Confidential or Restricted; or, (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Magistrate or Judge, (i) to have information not covered by this Order treated as a Confidential or Restricted Document or Confidential or Restricted Material within the meaning of this Order; (ii) additional protection for specific Documents or Material; or (iii) relief from the provisions of this Order with respect to specific items or categories of Documents or Material. In considering any modification of this Order, consideration shall be given to the extent to which a party may have relied on this Order

to refrain from seeking to limit or avoid the discovery in question.

19. To avoid delay, the parties stipulate to observe the terms of this agreed Order pending action by the Court.

SO ORDERED

_____
United States District Judge

Dated:

AGREED:

By: _____
Joshua J. Kaufman, Esquire
Mary Jane Saunders, Esquire
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004
Phone: (202) 344-4800
Fax: (202) 344-8300

By: _____
Andrew G. McBride, Esquire
Bruce G. Joseph, Esquire
Thomas W. Kirby, Esquire
WILEY REIN & FIELDING, LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719 7000
Fax: (202) 719 7049