## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGENCE FRANCE PRESSE, | ) | |
|     *Plaintiff and Counter Defendant* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:05CV00546 (GK) |
| | ) | Next Due Date: March 21, 2006 |
| GOOGLE INC., | ) | (Status Conference) |
|     *Defendant and Counter Plaintiff* | ) | |

### GOOGLE'S MOTION AND MEMORANDUM
### FOR JUDGMENT DISMISSING THE COMPLAINT
### FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 8(a) and 12(c), Defendant Google Inc. ("Google") moves for judgment dismissing the Amended Complaint ("Compl.") of Plaintiff Agence France Presse ("AFP"), and each count thereof, for failure to state a claim on which relief is granted.  In particular, AFP's Amended Complaint fails to identify the works that it accuses Google of unlawfully copying.  Moreover, because AFP has refused to provide the unpleaded information through discovery, and, indeed, unfairly has exploited its pleading failure to obstruct discovery and case preparation, the dismissal should be without leave to amend.

### FACTS

AFP's Amended Complaint (¶ 42) alleges broadly that Google has infringed "thousands" of AFP's copyrighted works.  It says that these "thousands" comprise "numerous copyrights" in the "headlines," "lead sentences," and "photographs" that "have been reproduced and publicly displayed by Defendant." Compl. ¶¶ 50, 58, 66.  It also asserts that, as to these "thousands" of unauthorized copies, Google has unlawfully "removed or altered the copyright management information" (¶ 79), and misappropriated AFP's "hot news." Compl. ¶¶ 90-92.

However, the Amended Complaint fails to identify the "thousands" of works that Google has copied, much less the allegedly infringing acts of copying.  Indeed, the Amended Complaint

Dockets.Justia.com

acknowledges that it does not even provide "an accurate count" of the supposedly copied works. Compl. ¶ 42.

Google filed an Answer pleading that the Amended Complaint failed to state a claim (Answer ¶ 94) and served interrogatories and document requests asking AFP to identify each work that Google was accused of unlawfully copying. *See* Exhibits A and B hereto.[1]  Google also served requests for admission to establish key characteristics of the supposedly copied works. *See* Exhibit C hereto.

Google encountered a stone wall.  For example, AFP's response to Interrogatory 1 refused to "[i]dentify by date, author, headline or caption, and contents of each, each separate copyright work owned by AFP that AFP contends Google News has used in [a] manner that infringes any AFP copyright."  Exhibit B.  After a multitude of objections, AFP asserted Google could derive some responsive information from "records produced at: AFP000001-AFP000582." *Id.*  Those pages, however, plainly would not permit Google to identify the "thousands" of works in suit, even if the burden of formulating AFP's claims thus could be shifted to Google.[2]  Indeed, in response to Google's Document Request No. 1, which sought a "copy of each separate

---

[1]    Although the Amended Complaint asserts that Google News continues to copy AFP headlines, lead sentences, and news photos (¶ 28), Google News actually began excluding materials it could identify as attributed to AFP before the Amended Complaint was served – not because Google must, but because of its business policy of cooperating with copyright holders that make such requests.  Thus, the Amended Complaint is dealing with a fixed universe of claimed past infringements (subject to the hypothetical possibility of a future error in detecting an AFP attribution).

[2]    Exhibit D is a sample of the pages to which AFP directed Google.  They are photocopies of screen shots -- either four or five pages depicting a Google News display or a few pages showing a source website display that includes articles or photographs attributed to AFP.  By cross-referencing the materials -- replicating work already done by AFP -- Google might be able to identify about 100 items that someone attributed to AFP and that appeared at some time on Google News.  How many of those items were created under conditions (*e.g.*, appropriate work for hire agreements) that permit AFP to claim copyright ownership is impossible to tell.  How many have been registered cannot be determined.  And how many AFP actually has decided to assert against Google is undisclosed.  In any event, these pages do not begin to clearly identify the "thousands" of works Google supposedly has copied.

copyrighted work owned by AFP that AFP contends Google News has used in a manner that infringes," AFP admitted that it did not know whether documents AFP000001 – AFP000582 contained responsive material.  *See* Exhibit B ("responsive documents <u>may</u> include" those specified).

In the meantime, AFP has blocked Google's efforts to establish basic characteristics of the thousands of supposedly infringed works.  For example, Google's Request for Admission No. 23 asked AFP to admit that "President George W. Bush is quoted in headlines and story leads that AFP claims Google has infringed by copying."  Exhibit C.  AFP responded, "Without reference to a specific article, AFP is unable to admit or deny this request."  *Id.*  Similarly, Google's Request No. 40 asked AFP to admit that "thumbnails displayed by Google News that AFP claims are infringing are based on photographs posted on publicly accessible Internet web sites with the authorization of AFP."  Exhibit C.  AFP responded, "Without reference to specific photographs and publicly accessible web sites, AFP is unable to admit or deny this request."  *Id.*  AFP similarly stonewalled other requests.  *See* Exhibit C, Request No. 47 ("AFP does not accuse Google News of infringing AFP's rights of first publication.").

In short, having failed to plead which works Google copied, AFP has used its failure as a weapon to frustrate discovery.  As a result, the schedule agreed between the parties and approved by the Court has been stymied.

## ARGUMENT

A plaintiff's threshold pleading obligation is to state a claim upon which relief can be granted.  After answering, a defendant may challenge a plaintiff's failure to state a claim by moving for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c) and 12(h)(2).  Whether the motion is made before answer under Rule 12(b)(6) or after answer under Rule 12(c), the

governing standards are the same. *Jung v. Ass'n of Am. Med. Coll.*, 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004) ("essentially the same" standard). The ultimate issue is whether the plaintiff has satisfied Rule 8(a)'s demand for "a short and plain statement of the claim showing that the pleader is entitled to relief." *Corey v. Pamper*, No. Civ.A. 99-2151, 1999 WL 1320440, at *1 (D.D.C. Aug. 13, 1999) (Kessler, J.) (dismissing for failure to provide a plain statement showing that the plaintiff was entitled to relief).

To provide a "plain statement" of a claim, a complaint must give "fair notice" of <u>both</u> the "claim" being asserted <u>and the "grounds upon which it rests.</u>" *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added); *Ali v. Dist. of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). What it takes to give fair notice of the grounds for copyright infringement claims is well settled:

> A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.

*Kelly v. L.L. Cool J*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd mem.,* 23 F.3d 398 (2d Cir. 1994); *Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) ("fair notice" requires those four items); *N. Am. Thought Combine, Inc. v. Kelly*, No. 01 Civ. 8112, 2003 WL 355237, at *2 (S.D.N.Y. Feb. 18, 2003) (collecting extensive authority that the four items are "consistently" required); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643-44 (E.D. Pa. 1979), *aff'd mem.*, 612 F.2d 572 (3d Cir. 1979) (stating and tracing history of the four item requirement).

Just days ago, Judge Walton of this Court applied the four item pleading standard to dismiss a copyright complaint. *Newborn v. Yahoo!, Inc.*, No. Civ.A. 04-659, 2005 WL 2416336,

at *3 (D.D.C. Sep. 27, 2005).  He stressed that, as a "basic requirement," Rule 8(a) "requires the plaintiff to allege in his complaint what materials are being infringed."  *Id.* at *4.

This "basic requirement" is firmly established in copyright precedent, but its logic is broader.  It is equally basic that, to give fair notice of the grounds for AFP's claim that Google copied and misappropriated works while they were "hot news," AFP was required to identify the copied items, as well as the time of the copying.  Similarly, to give fair notice that Google removed copyright management information from some AFP works, AFP had to identify the works from which information was removed.

Although AFP's Amended Complaint accuses Google of "thousands" and "numerous" infringements, it breaches the basic requirement of identifying the AFP works that have been copied.  And, even though it accuses Google of taking "hot news," it also fails to tell Google when it did the supposed copying.  Exhibits A-1 to A-3 to the Amended Complaint may suggest a few copied works, but this is not plain, and, in any event, those Exhibits do not support the pleading of many "thousands" of supposed infringements.

If AFP forthrightly had identified the allegedly copied works in discovery, Google would not have moved to dismiss.  But Google's entitlement to dismissal does not turn on what was or was not disclosed outside its Complaint.  To the contrary, Judge Walton rejected a plaintiff's argument that dismissal was improper since correspondence with defendants permitted the infringed works to be identified, ruling "it is not the defendant's burden to wade through various correspondence between the parties to determine which claims the plaintiff is asserting." *Newborn*, 2005 WL 2416336, at *5.  Still, both AFP's refusal to provide basic discovery and AFP's exploitation of its pleading failure as a basis for withholding other basic information about

the case confirm the wisdom of the pleading rule and bear on the type of dismissal that should be ordered.

## CONCLUSION

AFP has no right to make Google and this Court play blind man's bluff.  Because the Amended Complaint fails to give fair notice of AFP's claims and the grounds on which they rest, it must be dismissed.  And because AFP failed to provide the missing information when asked and unfairly exploited its defective pleading, the dismissal should be without leave to amend.

                                        Respectfully submitted,

Dated: October 12, 2005                 /s/ Thomas W. Kirby
                                        Andrew G. McBride (Bar No. 426697)
                                        Bruce G. Joseph (Bar No. 338236)
                                        Thomas W. Kirby (Bar No. 915231)
                                        Scott E. Bain (Bar No. 466657)
                                        WILEY REIN & FIELDING LLP
                                        1776 K Street NW
                                        Washington, DC  20006
                                        202.719.7000
                                        Fax: 202.719.7049

                                        Attorneys for Google Inc.