## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGENCE FRANCE PRESSE, | ) | |
| *Plaintiff and Counter Defendant* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:05CV00546 (GK) |
| | ) | Next Due Date:  March 21, 2006 |
| GOOGLE INC., | ) | (Status Conference) |
| *Defendant and Counter Plaintiff* | ) | |

### GOOGLE'S MOTION AND MEMORANDUM
### FOR PARTIAL SUMMARY JUDGMENT DISMISSING
### COUNT II FOR LACK OF PROTECTABLE SUBJECT MATTER

Pursuant to Fed. R. Civ. P. 56 and LCvR 56.1, Defendant/Counter-Plaintiff Google Inc.

("Google") moves for partial summary judgment dismissing for lack of protectable subject

matter the claim of "Copyright Infringement in Headlines" that is Count II of the First Amended

Complaint.  Alternatively, in support of its counterclaims as well as its defenses, Google moves

for summary judgment that it has not infringed each of the AFP headlines listed on Exhibit A

hereto, which are the headlines that AFP included as "representative" in its copyright registration

of updates to its English newswire database, registration number TX 6-002-217.[1]

Based on the attached Statement of Undisputed Facts, Count II fails as a matter of law

because (1) Count II rests on a claim by Plaintiff/Counter-Defendant Agence France Presse

("AFP") to own copyrights in its headlines, (2) AFP requires its headlines to be short and simple

statements of fact, and (3) copyright does not protect ordinary factual statements, short

statements, or titles.  In any event, each of the listed headlines is not protectable for those

reasons.

"The issue of copyrightability is typically resolved by a motion for summary judgment."

*Magic Mktg., Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 634 F. Supp. 769, 771 (W.D. Pa. 1986)

---

[1]     If AFP's Complaint is dismissed, the alternative relief supports Google's Counterclaims.

Dockets.Justia.com

(collecting authority).[2]  In this potentially burdensome and complex case, early adjudication of this motion offers particular benefits.  In addition to limiting discovery and litigation of the multitude of other issues Count II raises -- authorship, ownership, registration, infringement, fair use, etc. -- granting Google's motion will establish law of the case likely to facilitate resolution of this entire dispute.[3]

## Overview

Google does not question that AFP headlines have an important function or that writing them takes effort.  But copyright law only protects original and creative "expression," and it denies protection to facts, ideas, and the effort involved in collecting and presenting them.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344-45 (1991); 17 U.S.C. § 102 (subject matter of copyright: in general).  The statutory exclusion of facts and ideas extends to ordinary ways of stating them. *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823 (10th Cir. 1983) (ordinary factual expression excluded from protection); *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) (An "ordinary phrase" lacks the "minimum level of creativity" and is not protectable.).  AFP admits that typical AFP headlines are factual, simple and contain only one idea -- unprotectable as a matter of law.  *See* AFP's Objections and Responses to Defendant's First Requests for Admissions ("AFP's RFA Responses"), No. 163.

---

[2]  The Fed. R. Civ. P. 56 standards governing summary judgment recently were summarized in *Elam v. D.C. Fire & EMS Dept.*, No. Civ. A. 03-1407, 2005 WL 1903557, at *3 (D.D.C. July 19, 2005).

[3]     There are many additional reasons Count II ultimately will fail, ranging from AFP's inability to establish that it owns and has properly registered its headlines to the fact that using a headline to identify its news article is a classic fair use.  *See* 17 U.S.C. § 107.  For purposes of this motion, however, Google focuses on the threshold lack of copyright protection.  All of the other grounds are reserved.

Moreover, "short phrases" are excluded from copyright as a matter of law.  37 C.F.R. §

202.1(a); *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1520 n.21 (1st Cir.

1996) (collecting authority).  What is "short" depends somewhat on context -- even paragraphs

of news or similar fact-intensive writing are excluded.  *Nihon Keizai Shimbum, Inc. v. Comline

Bus. Data, Inc.*, 166 F.3d 65, 71 (2d Cir. 1999) (news paragraph not protectable); *Alberto-Culver

Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 710 (7th Cir. 1972) (paragraph describing product not

protectable).  AFP headlines are terse factual phrases, that are forbidden to exceed one line on a

computer, or approximately 10 words, and usually are shorter than that.  *See* AFP's RFA

Responses, No. 156-58 and Exhibit A.  Thus, their brevity precludes protection.

Finally, "titles" are categorically excluded from protection "as a matter of statutory

construction." 1 *Nimmer on Copyright* § 2.16 (collecting authority); 1 *Goldstein on Copyright* §

2.7.3 & n.46 ("Courts have universally held that titles of works are not copyrightable."); *Wilson

v. Hecht*, 44 App. D.C. 33, 36, 38 (App. D.C. 1915).  A "headline" is the "title or caption of a

published article."  *Webster's II New Riverside Univ. Dictionary* 569 (1988); *see Webster's

Third Int'l Dictionary* 2400 (1981) ("title" is "a descriptive or general heading (as of a chapter in

a book)").   For this reason as well, AFP's headlines are not protectable subject matter, and

Count II should be dismissed with prejudice.

1.      **Count II Rests On AFP's Claim To Own Copyrights In Its News Headlines**

AFP's Count II is entitled "Alleged Copyright Infringement of AFP Headlines."  The key

AFP allegations on which Count II rests are that:

> 58.  AFP owns all title and interest in the numerous copyrights of
> the headlines that have been reproduced and publicly
> displayed by Defendant.
>
> 59.  Defendant is infringing the copyrights of AFP's headlines by
> unlawfully reproducing and publicly displaying to the public
> identical copies of the headlines . . .

This motion negates these allegations, showing copyright law does not protect AFP headlines and certainly does not protect the "representative" AFP headlines in Exhibit A.[4]

2.    **AFP Requires Its Headlines To Be Short And Simple Statements Of Fact**

The *AFP Style Book* establishes AFP "rules for presentation of news items," emphasizing it "is essential to follow the style guidelines" (AFP1313).[5]  Those rules mandate that "[h]eadlines must be factual and simple and should contain only one idea [using] the present tense and active verbs" (AFP1323).  Headlines also "must be concise" (AFP1322), never exceeding ten words.[6]  Their words must be "short [and] familiar rather than long" (AFP1313).

AFP does not "harden or jazz up headlines to make them eye-catching" (AFP1322).  Instead, its headlines must precisely, rigorously, and without exaggeration, convey information supplied by proper sources (AFP1313-14).  In condensed form, an AFP headline should "contain the same information as the lead paragraph" (AFP1322), which provides a "clear, short, and simple" statement of "a single important thought" that answers "the questions who, what, when, and where" (AFP1327).  AFP headlines are standardized in other ways as well.  For example:

---

[4]    AFP claims that its headlines themselves are copyrighted, and this motion attacks that claim.  But, even if AFP claimed that its headlines were part of a protected news story, the result would be the same.  Where part of a work is copied, the question is whether sufficient protectable expression is common to the copy and the original to establish substantial similarity. *Sturdza v. United Arab Emirates,* 283 F.3d 1287, 1295 (D.C. Cir. 2002).  To make that judgment, infringement analysis first strips out all unprotectable elements of the part copied and then determines whether substantial creative expression remains. *Id.*  If not, there is no possibility of infringement. *Id.*  Because, as shown herein, AFP's headlines are not protectable, copying those headlines (the gravamen of Court II) cannot establish infringement.  It is worth noting that AFP has not registered its headlines as such.  Its alleged registration "of all of its news wires" (Compl. ¶ 19) refers to quarterly registrations of accretions to several massive news wire databases.

[5]    This manual is in English.  AFP also has produced what appear to be an equivalent French manual, but without translation. (AFP1348-1491) The First Amended Complaint's allegations do not distinguish between French and English headlines and lead paragraphs.

[6]    Headlines "should never exceed one line on the computer" (AFP1322), and a line on the computer equals ten words (AFP1327) (three lines equals 30 words).

> Headlines should contain and, if possible, start with the name of a
> country, but the following alternatives are acceptable provided that
> they are household names the world over:  1/ a prominent person;
> 2/ an international organization; 3/ a sport; 4/ a firm.  (AFP1322).

AFP admits that its headlines conform to these rules.  In particular, AFP admits that headlines of AFP Articles are typically factual, simple, and contain only one idea, they are not "hardened" or "jazzed up" to make them eye catching, and they use plain language, present tense and active verbs.  AFP's RFA Responses, Nos. 161, 163, 165, 167.  AFP also admits that its headlines accurately reflect the same information as the lead paragraph.  *Id.* No. 159.

The only copyright registrations AFP relies upon in this case relate to several "data bases."  AFP959-1247.  On a quarterly basis, AFP submits a single registration application for revised versions of each of its databases to cover the updates and revisions during the prior three month period.  *See* 37 C.F.R. § 202.3(b)(4).  In support of each such registration, AFP is required to deposit with the Copyright Office identifying portions of the work, which is defined as "representative" pages or data records that have been added to the database.  37 C.F.R. § 202.20(c)(2)(vii)(D)(3).  Exhibit A sets out the representative sample of 50 headlines that were added to AFP's English newswire database in the second quarter of 2004.  Those headlines hew closely to the AFP standards.

Examples of AFP's representative headlines include "5.2 quake shakes southern California," "Columbian rebels execute 34 coca workers," and "Ethiopia lifts exit visa requirement."  Exh. A.  In keeping with AFP's style guidelines, these headlines are factual, simple and contain only one idea.  Also, these headlines are concise, fewer than ten words, and not "hardened" or "jazzed up" to make them eye-catching.  The main facts of the article are conveyed succinctly, with short and familiar words and little creative expression.  The following examples further illustrate this point: "Irishmen, acquitted of helping Colombian guerrillas, leave

jail," "Organizers of anti-religion exhibition go on trial in Moscow," and "US general named to

head Iraq command." Exh. A. As illustrated by the representative sample reproduced in Exhibit

A, AFP's headlines consistently follow the guidelines and convey factual information in a short

and simple manner.

3.    **AFP's Short Simple Fact-Intensive Headlines Do Not Qualify For Copyright Protection**

(a)    **Ordinary Factual Statements About News And Ideas Are Not Protectable**

"The most fundamental axiom of copyright law is that '[n]o author may copyright his

ideas or the facts he narrates.'" *Feist,* 499 U.S. at 344-45 (quoting *Harper & Row Publishers,*

*Inc. v. Nahon Enters.*, 471 U.S. 539 (1985)); *Eldred v. Reno*, 239 F.3d 372, 375 (D.C. Cir. 2001)

(same). To the contrary, "news of the day . . . 'may not be copyrighted and [is] part of the public

domain.'" *Feist,* 499 U.S. at 348 (quoting *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365,

1368 (5th Cir. 1981)) (emphasis added). News and other facts are "discoveries," *id.* at 356, that

are expressly excluded from the Copyright Act's definition of the subject matter of copyright

codified at 17 U.S.C. § 102(b):

> In no case does copyright protection for an original work of
> authorship extend to any idea, procedure, process, system, method
> of operation, concept, principle, or discovery, regardless of the
> form in which it is described, explained, illustrated, or embodied in
> such work.

*See* 1 *Nimmer on Copyright* § 2.03[E] ("The 'discoverer' of . . . a contemporary news event . . .

may not claim to be the 'author' of that [event].").

Copyright protects only the original expression of an author that also is sufficiently

creative. [7] *Feist,* 499 U.S. at 350, 363 (citing *Harper & Row*, 471 U.S. at 556-57). Courts do not

---

[7]     At one time it was common to use the words "originality" or "expressive" in a broad
sense to encompass creativity, and this terminology persists in some sources. However, modern
precedent treats "creativity" as a distinct element. *Feist*, 499 U.S. at 363. This approach is

protect "unexpressive description" of the news of the day.  1 *Goldstein on Copyright* § 2.14.4.

And, as we now show, protection is not afforded to ordinary factual statements, to short

statements (particularly if they are factual), or to titles.

It is well settled that "[o]rdinary phases are not entitled to copyright protection." *Narell*,

872 F.2d at 911; *Salinger*, 811 F.3d at 98 ("ordinary" phrases lack sufficient "creativity").[8]

Congress' decision to exclude facts, ideas, and certain other things from copyright would

otherwise be seriously undercut.  Any writer always would be at risk.[9]  Moreover, "standard,

stock, or common" presentations do not convert facts into creative expression.  *Gates Rubber

Co.*, 9 F.3d at 838 (collecting authority); *see Gaiman v. McFairland*, 360 F.3d 644, 659 (7th Cir.

2004) ("rudimentary, commonplace, standard, or unavoidable" presentations are not protectably

creative); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 535 (6th Cir.

2004) ("Phrases that are standard, stock" or "dictated by practical realities" or "tradition and

settled expectation" are not protected.); *Publ'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473 (7th

Cir. 1996) (individual food recipes lacked sufficient creativity for protection despite enticing

titles (e.g., "Crunchy Tuna Waldorf Salad," and "Chunky Chili Dip") and narrative directions).[10]

---

analytically superior.  1 *Nimmer on Copyright* §2.01[B] ("greater clarity of expression is perhaps
achieved by regarding originality or creativity as separate elements").

[8]     *Narell* held that the following, which appeared in a history book, were ordinary factual
statements that were not protectable:  (i) "river wound its way between muddy banks crawling
with alligators," (ii) "shanties and corrugated [iron/steel] shacks . . . were crowded together; and
(iii) "beach was strewn with boxes, bales."  *Narell*, 872 F.2d at 911.

[9]     At minimum, this risk would include the risk of costly and burdensome infringement
litigation.  *See infra,* note 12.

[10]    *Gibson v. CBS, Inc.*, 491 F. Supp. 583 (S.D.N.Y. 1980), illustrates the rule that ordinary
choices are not creative.  There both plaintiff and defendant had personified an egg in short skits.
In both skits the egg faced such events as "lying under a chicken, sitting in a refrigerator and
facing the possibility of being scrambled on fried."  *Id.* at 585-86.  Although a personified egg
was an unprotectable idea, plaintiff claimed that his choice of those events constituted creative
expression, pointing out that "instead of lying under a chicken, an egg might be hatched in an
incubator, could have been colored and rolled, preserved in a liquid bath, boiled (soft or hard),

Because "news stories, aim to depict reality systematically and accurately . . . originality will often be missing or minimal." 1 *Goldstein on Copyrights* § 2.14. In particular "[t]erse, unelaborated statements of news events . . . are uncopyrightable." *Id.* § 2.14.4. Also, the facts "often dictate the manner in which the fact work expresses them. *Id.* For these reasons, and to keep the basic "building blocks" of public discourse freely available, courts find "protectible expression only in [news] author's distinctive elaboration," and otherwise may "withhold copyright even from original expression" of news. *Id.*

AFP headlines convey a single unprotected fact or idea in simple, ordinary language.[11] Such ordinary factual statements simply do not contain the creative expression necessary for copyright protection. *Id.* (denying protection to a paragraph of news reporting). For that reason alone, Count II fails.

     (b)    **Short Phrases Are Not Protected By Copyright, Particularly If They Are Fact-Intensive**

As works become shorter, it is more difficult to satisfy the creativity and originality threshold. 1 *Goldstein on Copyright* § 2.7.3 ("The shorter a phrase is, the less likely it is to be original."); 1 *Nimmer on Copyright* § 2.01[B] (There is a "reciprocal relationship" between

---

whipped, used in a soufflé, freezed (sic) or dried into a powder, or used raw, such as in an eggnog." *Id.* The court did not dispute that other choices were possible, but held that the elements plaintiff had selected from the range of possibilities were "fairly predictable and usual in the life of an egg and, hence, not creative." *Id.* at 586.

[11]    Even where news or similar fact-intensive works qualify for copyright, they receive only "thin" protection against extensive literal copying. *See Feist*, 499 U.S. at 349; *Radji v. Khakbaz*, 607 F. Supp. 1296, 1300 (D.D.C. 1985) ("newsworthy items" are "entitled to less protection than purely fictional works, but the 'expression' in such works is still protected from wholesale copying"); *Atari Games Corp. v. Oman*, 979 F.2d 242, 305 n.4 (D.C. Cir. 1992) (where protection exists, its strength or "thinness" must be assessed); *Transwestern Publ'g Co. v. Multimedia Mktg. Assocs. Inc.*, 133 F.3d 773, 776-77 (10th Cir. 1998) ("thin" protection prevents only "extensive verbatim copying"). Even where enough is taken to support infringement, the scope of fair use is much broader for news articles and other thinly protected works. *Comline*, 166 F.3d at 73 (collecting authority). Because this motion shows that AFP's headlines are not protected by copyright at all, it does not raise such issues of infringement or fair use.

length and the required "degree of creativity.").[12]   Indeed, as a matter of law, "short phrases" cannot offer sufficient creativity to merit copyright protection.  37 C.F.R. § 202.1 (exclusion from copyright registration); *CMM Cable Rep.*, 97 F.3d at 1520 n.21 (section 202.1 fairly states copyright law). [13]

The short phrase rule regularly is applied to deny protection to phrases the length of AFP headlines, even to material that is not primarily factual.  *See Pelt v. CBS, Inc.*, No. CV-92-6532, 1993 WL 659605, at *3 (C.D. Cal. Oct. 25, 1993) ("Listen Up, It's More Than Talk, It's Feeling"); *Takeall v. Pepsico, Inc.*, 14 F.3d 596 (4th Cir. 1993) (per curiam, table) ("You Got The Right One, Uh-Huh"); *Columbia Pictures Indus., Inc. v. Miramax Films Corp.*, 11 F. Supp. 2d 1179, 1182-83 (C.D. Cal. 1998) ("PROTECTING THE EARTH FROM THE SCUM OF THE UNIVERSE"); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 988 F. Supp. 289, 294 (S.D.N.Y. 1997) ("You've got to stand for something or you'll fall for anything"); *Sweet v. City of Chi.*, 953 F. Supp. 225, 229 (N.D. Ill. 1996) ("Eat Your Art Out, Chicago"); *Magic Mktg. Inc.*, 634 F. Supp. at 771 ("PRIORITY MESSAGE: CONTENTS REQUIRE IMMEDIATE ATTENTION," noting that greater creativity would not earn protection).

Long ago Judge Frank suggested in footnote dicta that, despite their brevity, "Twas brillig and the slithy toves" or "Euclid alone has looked on Beauty bare" might contain

---

[12]    Moreover, short phrases are much more likely to be used by others without copying, so that protecting such phrases would be a recipe for extensive litigation and conflict.  Copying may be inferred from access to the original plus substantial similarity. 3 *Nimmer on Copyright* § 13.01[B].  The Internet provides instant global access to AFP and other headlines.  Thus, if headlines were protected, AFP could bring suit every time an AFP competitor used a news headline substantially similar to the headline used by AFP.

[13]    Although section 202.1 originated as an interpretive rule, it merits strong deference as a long-standing and reasonable view by an expert agency that repeatedly has been endorsed by the courts and that Congress has not disturbed in amending the Copyright Act.  *Southco, Inc. v. Kanebrige Corp.*, 390 F.3d 276, 286 (3d Cir. 2004) (deferring to rule); *see Cablevision Sys. Dev. Co. v. MPAA, Inc.*, 836 F.2d 599, 608-10 (D.C. Cir. 1988) (copyright regulations merit deference).

protectable expression.  *Heim v. Universal Pictures Co.*, 154 F.2d 480, 487 n.8 (2d Cir. 1946).[14]

If so, that <u>extremely</u> creative material would represent the "bare minimum" of creativity

necessary.  1 *Goldstein on Copyright* § 2.7.3; H.B. Adams, *Law of Copyright* § 2.37 ("the outer

limits of what can be considered copyrightable").  Strikingly though, <u>in the 68 years since Judge</u>

<u>Frank's footnote musing no reported opinion has held any phrase as short as AFP headlines to be</u>

<u>protectable, no matter how creative.</u>[15]

  To the contrary, with respect to fact-intensive writing, courts regularly have held that

paragraphs of factual material still are too short for protection.  *Alberto-Culver*, 466 F.2d at 710

(collecting authority); *Meredith Corp.*, 88 F.3d at 480-81 (individual recipes not protected,

though entire compilation might be).  For example, the following product description lacked

sufficient creativity:

> FDS is the most personal sort of deodorant.  This unique spray is
> made expressly for the external vaginal area.  FDS protection is
> dry, refreshing and gentle to delicate tissues.  Use FDS regularly to
> remove any fear of odor.

---

[14]    Judge Frank did not discuss section 202.1 or the deference it might claim for a categorical exclusion of such phrases.

[15]    An earlier AFP filing noted that a Texas district court suggested that copying the phrases "E.T. phone home!" and "I love you, E.T." probably infringed the movie *E.T.  Universal City Studios, Inc. v. Kamar Indus., Inc.,* 217 U.S.P.Q. 1162 (S.D. Tex. 1982).  That was a <u>prediction</u> for purposes of preliminary relief, not a final determination; it did not consider the rule excluding short phrases; and the copyright theory was alternative to a more solid trademark basis for preliminary relief.  The ruling has been criticized.  1 *Goldstein on Copyright* § 2.7.3 ("went too far"); H.B. Adams on Copyright § 2.37.  For AFP to compare its plain factual headlines to uniquely famous and entirely non-factual statements evoking the imaginative core of a blockbuster science fantasy film about the travails of a juvenile extraterrestrial simply shows how short AFP is of plausible legal support.

*Alberto-Culver*, 466 F.2d at 710 & n.2.  The court did not question that the writing was skillful

and managed to convey delicate and important information without offense.  But the short

factual paragraph still lacked enough creativity to justify copyright protection.[16]

Similarly, the following paragraph from a movie script was not protectable:  "Good

morning, Detroit.  This is J.P on JR in the A.M.  Have a swell day."  *Murray Hill Publ'ns. Inc. v.*

*ABC Commc'ns, Inc.*, 264 F.3d 622, 627 (6th Cir. 2001).   In addition to its brevity, this

paragraph lacked creative expression because it was "dictated to some degree by the functional

considerations inherent in conveying the desired information about McCarthy's morning show,

*i.e.,* whose morning show, what radio station, and what time."  *Id.* at 632-33; *see Lexmark*, 387

F.3d at 535-36 (language dictated by "practical realities" not protected); *Meredith Corp.,* 88 F.3d

at 480 (recipe directions guided by functional considerations).

These principles were applied to news articles in *Comline,* 166 F.3d at 71.  The court

held that plaintiff's substantial news articles as a whole contained sufficient creative expression

to be protected, at least against extensive direct copying.  *Id.* at 72.  However, in "articles such as

these, consisting almost entirely of . . . reporting of unprotected facts," the "first paragraph of a

six-paragraph [news] article" was analogous to a short phrase and lacked sufficient creative

expression to be protectable.  *Id.* at 71.  Thus, copying that one paragraph could not infringe as a

matter of law.  *Id.*

AFP headlines are forbidden to exceed ten words and usually are much shorter.  *See*

Exhibit A.  Even if such short phrases were highly creative, they would not be protectable.  In

---

[16]      The following short instructions also were not protectable:  "1. Complete the upper
portion of this form.  2. Sign and date.  3. Mail this form directly to your insurance company.
You may attach your insurance company's form if you wish, although it is not necessary."
*Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1108 n.2 (9th Cir. 1990).

fact, AFP headlines state a fact or idea in ordinary simple language. Such phrases are too short
to merit protection as a matter of law. For this reason as well, Count II must be dismissed.

       (c)     **Titles Are Not Protectable**

"Titles" are a special category of short writing that is excluded from copyright protection
"as a matter of statutory construction" and regardless of creativity. 1 *Nimmer on Copyright* §
2.16 (collecting authority); 1 *Goldstein on Copyright* § 2.7.3 & n.46 ("Courts have universally
held that titles of works are not copyrightable.") (collecting authority). The exclusion of titles is
long settled in this circuit. *Wilson*, 44 App. D.C. at 36, 38 (any protection for a title is via
trademark, not copyright).[17] It remains the law. *Arvel v. Am. Int'l. Ins.,* No. 95-1366, 1995 WL
561530 (1st Cir. Sep. 21, 1995) (Table).

As descriptive heading of news articles, AFP'S headlines are titles.[18] That fact alone also
precludes copyright protection.

**4.     Conclusion:  Because AFP Has No Copyright In Its Headlines, Count II Must Be
Dismissed As A Matter Of Law**

The AFP standards demand headlines that are ineligible for copyright protection on three
separate grounds: they are ordinary statements of fact, they use short and plain language, and
they are titles. The 50 samples that AFP has identified as "representative" cannot be protected
by copyright for the same three reasons. Thus, the Court can and should dismiss Count II with
prejudice. Alternatively, the Court can and should dismiss Count II with respect to all of the
examples on Exhibit A and with respect to all other headlines that conform to AFP standards,

---

[17]     The D.C. Circuit was "formerly called the Court of Appeals for the District of
Columbia." *D.C. Water & Sewer Auth. v. Delon Hampton & Assocs.,* 851 A.2d 410, 412 n.10
(D.C. 2004).

[18]     A "headline" is the "title or caption of a published article." *Webster's II New Riverside
Univ. Dictionary* 569 (1988). A "title" is " a general or descriptive heading, as . . . a book
chapter." *Id.* at 1213. *See Webster's Third New Int'l Dictionary* 2400 ("title" is "a descriptive or
general heading (as of a chapter in a book)").

declaring that those headlines are not protectable by copyright.  This alternative relief is justified

by Google's Counterclaims, even if Google's motion to dismiss AFP's Complaint is granted.  A

proposed form of Order is attached.

                                              Respectfully submitted,

Dated: October 12, 2005

                                              /s/ Thomas W. Kirby

                                              Andrew G. McBride (Bar No. 426697)
                                              Bruce G. Joseph (Bar No. 338236)
                                              Thomas W. Kirby (Bar No. 915231)
                                              Scott E. Bain (Bar No. 466657)
                                              WILEY REIN & FIELDING LLP
                                              1776 K St. NW
                                              Washington, DC  20006
                                              202.719.7000
                                              Fax: 202.719.7049

                                              Attorneys for Google Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGENCE FRANCE PRESSE, | ) | |
| *Plaintiff and Counter Defendant* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:05CV00546 (GK) |
| | ) | |
| GOOGLE INC., | ) | |
| *Defendant and Counter Plaintiff* | ) | |

## STATEMENT OF UNDISPUTED FACTS
## SUPPORTING GOOGLE'S MOTION FOR
## PARTIAL SUMMARY JUDGMENT THAT AFP'S
## HEADLINES LACK PROTECTABLE SUBJECT MATTER

Pursuant to LCvR 56.1, Google Inc. ("Google") states the following undisputed facts supporting Google's motion for partial summary judgment that the headlines of Agence France Presse ("AFP") lack protectable subject matter.[19]

1.    AFP is a news agency (First Amended Complaint ("Comp.") ¶ 9).

2.    AFP's Count II asserts that, by displaying AFP news headlines, Google News infringes AFP copyrights of those headlines (Comp. ¶ 59).

3.    The *AFP Style Book* establishes AFP "rules for the presentation of news items" ("AFP Rules"), and says it "is essential to follow the style guidelines" (AFP1313).

4.    AFP "[h]eadlines must be factual and simple and should contain only one idea [using] the present tense and active verbs" (AFP1323).

5.    AFP headlines "must be concise" (AFP1322), never exceeding ten words (AFP 1322, 1327).

---

[19]    For purposes of this motion Google treats as undisputed certain facts alleged by AFP or stated in its business documents.  For other purposes, Google does not concede that all such facts are true.

6.      AFP headlines must be composed of words that are "short [and] familiar . . . rather than long" (AFP1313).

7.      AFP does not "harden or jazz up headlines to make them eye-catching" (AFP1322).

8.      AFP headlines must precisely, rigorously, and without exaggeration, convey information supplied by proper sources (AFP1313-14).

9.      In condensed form, an AFP headline must "contain the same information as the lead paragraph" (AFP1322).

10.      AFP Rules mandate that a lead paragraph must provide a "clear, short, and simple" statement of "a single important thought" that answers "the questions who, what, when, and where" (AFP1327).

11.      AFP Rules mandate that:

> Headlines should contain and, if possible, start with the name of a country, but the following alternatives are acceptable provided that they are household names the world over: 1/ a prominent person; 2/ an international organisation; 3/ a sport; 4/ a firm (AFP1322).

12.      AFP admits that headlines of AFP articles are typically factual, simple, and contain only one idea (AFP's RFA Responses, No. 163).

13.      AFP admits that headlines of AFP articles are not "hardened" or "jazzed up" to make them eye catching (AFP's RFA Responses, No. 161).

14.      AFP admits that headlines of AFP articles typically use plain language, present tense and active verbs (AFP's RFA Responses, Nos. 165, 167).

15.      AFP admits that headlines of AFP articles contain and accurately reflect the same information as the lead paragraph of the corresponding AFP Article (AFP's RFA Responses, No. 159).

-15-

16.     AFP admits that lead paragraphs typically are clear, short and simple and answer the questions "who, what, when and where" with respect to the subject of the article (AFP's RFA Responses, Nos. 169, 175).

17.     "AFP, AP, and Reuters ran almost identical stories reporting that 20 people had died and dozens had been injured in a pile-up on a foggy Italian motorway" (AFP 1327).

18.     AP and Reuters are major competitors of AFP.

19.     The styles of AP and Reuters headlines are similar to the AFP headline style.

20.     It is not unusual for contemporaneous news articles on the same subject by AFP and its competitors to bear similar or identical headlines (Judicial Notice).

22.     Exhibit A hereto is a list of the headlines included in the deposit material that accompanied AFP's copyright registration filing for the updates to its English newswire database in the second quarter of 2004 (AFP1011-1012).  AFP's submission certified that these headlines were "representative" of the records that were added to the database during the relevant time period.  37 C.F.R. § 202.20(c)(2)(vii)(D)(3).

23.     Exhibit B hereto is a list of selected AFP responses to Google's First Set of Requests for Admissions.

Respectfully submitted,

Dated: October 12, 2005                    /s/ Thomas W. Kirby
                                           Andrew G. McBride (Bar No. 426697)
                                           Bruce G. Joseph (Bar No. 338236)
                                           Thomas W. Kirby (Bar No. 915231)
                                           Scott E. Bain (Bar No. 466657)
                                           WILEY REIN & FIELDING LLP
                                           1776 K St. NW
                                           Washington, DC  20006
                                           202.719.7000
                                           Fax: 202.719.7049

                                           Attorneys for Google Inc.

-16-