IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Agence France Presse,<br>1015 15th St NW,<br>Washington, DC 20005<br><br>                Plaintiff,<br><br>v.<br><br>Google Inc.,<br>a California Corporation,<br>1600 Amphitheatre Pkwy,<br>Mountain View, CA 94043<br><br>                Defendant. | CIVIL ACTION NO.: 1:05CV00546 (GK)<br><br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN OPPOSITION TO**<br>**GOOGLE'S MOTION TO DISMISS**<br><br>**NEXT HEARING DATE: March 21, 2006**<br>**(Status Conference)** |

## I. INTRODUCTION

Plaintiff Agence France Presse ("AFP") filed suit against Defendant Google Inc. ("Google") for the copyright infringement of AFP's photographs, news headlines and story leads and the misappropriation of AFP's "hot news." Google answered AFP's Amended Complaint by admitting that it includes what it describes as "links" to headlines, story leads and "thumbnails" of news photographs on Google News, but otherwise denying AFP's allegations.

Despite having answered AFP's Amended Complaint, Google now asks the Court to dismiss AFP's claim for copyright infringement, in its entirety, for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a) and otherwise, for failure to state a claim. Google's Motion draws heavily on a recent ruling from Judge Walton of this Court, *Newborn v. Yahoo*, No. Civ. A. 04-659, 2005 WL 2416336, at *3 (D.D.C. Sept. 27, 2005), which tested the sufficiency of a complaint under Rule 8(a) using a four-part formula specific to copyright claims. This Court should deny Google's Motion to Dismiss because AFP's Amended Complaint meets the pleading requirements of Rule 8(a) and

otherwise states a cognizable claim for copyright infringement. Google's Motion, which misconstrues and misapplies Rule 8(a), Rule 12(c) and the four-part pleading formula for copyright claims, strongly suggests that Google is merely trying to avoid providing AFP with discovery concerning Google's acts of infringement. This Court should not tolerate Google's attempt to avoid responsibility for its repeated acts of infringement.[1]

## II.  ARGUMENT

### 1.  Standard of Review

This Court should deny Google's Motion to dismiss AFP's Amended Complaint for failure to comply with Fed. R. Civ. P. 8(a). Rule 8(a) requires that a pleading include the following:

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no grounds of jurisdiction to support it,

(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief the pleader seeks.

Google also asks this Court to enter judgment on the pleadings under Fed. R. Civ. P. 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

---

[1] As one District Court lamented in ruling on a similar motion under Fed. R. Civ. P. 12(b)(6): "Like the majority of Fed. R. Civ. P. ("Rule") 12(b)(6) motions, in principal part this one has accomplished little except to delay the real commencement of litigation, keep the meters running for two sets of lawyers and occupy time of this Court and one of its clerks that would have been better spent on more constructive matters. Were fewer such motions filed there might be time available for an empirical study of just what percentage are the product of a refusal to acknowledge the notice pleading concept that has underlain the Rules from the beginning." *Washington v. City of Evanston*, 535 F. Supp. 638, 640 n.2 (N.D. Ill. 1982).

The standard by which this Court must review Google's Motion is a familiar one: AFP's Amended Complaint should stand and this case should proceed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). At this stage, the trial court is not called upon to assess "the truth of what is asserted or [to] determin(e) whether a plaintiff has any evidence to back up what is in the complaint." *ACLU Found. of S. Cal. v. Barr,* 952 F.2d 457,467 (D.C.Cir.1991). The allegations in AFP's Amended Complaint are presumed true and all reasonable factual inferences are to be construed in its favor. *Maljack Prods., Inc. v. Motion Picture Ass'n of Amer., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995). The Supreme Court says that the Federal Rules of Civil Procedure require only that a plaintiff in his or her complaint "simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'... [as the] simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (quoting *Conley,* 355 U.S. at 47).

AFP does not dispute that in applying Rule 8 to copyright claims, some courts employ a four-part heightened pleading requirement by which a plaintiff must allege: (1) which specific original work is the subject of the copyright claim, (2) that the plaintiff owns the copyright, (3) that the work in question has been registered in compliance with the statute, and (4) by what acts and during what time the defendant infringed the copyright. *Newborn v. Yahoo*, No. Civ. A. 04-659, 2005 WL 2416336, at *3 (September 25, 2005); *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820 (W.D.

Mo. 1986) ("In applying Rule 8 to copyright infringement actions, courts have required that particular infringing acts be alleged with some specificity."), aff'd, 833 F.2d 117 (8th Cir. 1987). *But see Conan Props., Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1183 (S.D.N.Y. 1984) (quoting *Conley* and stating that the Federal Rules do not require a claimant to set out detailed facts in a copyright complaint.).

Even if this Court follows a four-part pleading standard for copyright claims, Google's Motion still grossly overstates the level of detail required to meet that pleading standard in the context of Rule 8(a). Rule 8(a) only requires a plaintiff to present "a short and plain statement of the claim." Fed. R. Civ. P. Rule 8(e) even cautions against overly detailed pleadings, stating that "each averment of a pleading shall be simple, concise, and direct."

**2. AFP's Amended Complaint Meets the Four-Part Pleading Standard for Copyright Claims.**

In addition to grossly overstating the requirements of Rule 8(a), Google grossly understates the adequacy of AFP's Amended Complaint. AFP's Amended Complaint is more than sufficient to survive Google's challenge under Rule 8(a) and Rule 12(c). Indeed, contrary to Google's assertion, AFP's Complaint does satisfy the four-part pleading requirement adopted by Judge Walton in *Newborn v. Yahoo* and does allege particular infringing acts with specificity.

First, AFP alleged which specific works are the subject of the claims of infringement and hot news misappropriation - AFP's photographs and news stories, particularly the headlines and story leads from AFP's news stories. See Amended Complaint at 28-35; 51; 59; 67; 76-79.; 91-92. AFP identified specific examples of these works in the Amended Complaint (Amended Complaint Exhibits A1, A2, A3 and A4)

and through its discovery responses. *See* attached Exhibits A-D. AFP should not be denied the opportunity to bring a complaint for infringement because Google, not AFP, possesses information concerning other AFP photographs, head lines and story leads Google copied on Google News.

Second, AFP's Amended Complaint does identify the universe of AFP photographs that are protected under copyright by reference to AFP's online database, Image Forum www.imageforum.afp.com. *See* Amended Complaint at 15 (emphasis added). AFP gave Google access to this entire database. *See* attached Exhibit E. AFP's Amended Complaint also identified the universe of AFP news stories at issue, again by reference to AFP's online databases. *See* Amended Complaint at 17. AFP also gave Google access to this entire database. *See* Exhibit E. AFP does not necessarily claim that Google copied every AFP photograph or news story shown in AFP's online databases, however, the available evidence does show repeated acts of infringement and Google itself points out that its Google News content changes quickly. This suggests that Google copied many AFP photographs, headlines and story leads. However, until Google produces the requested discovery concerning which AFP photographs, headlines and story leads it did, in fact, copy on Google News, AFP cannot truly know everything that Google copied. Accordingly, AFP showed what it could show – its databases.

Google did not encounter a stone wall when it asked AFP to produce evidence of Google's acts of infringement. AFP provided Google with specific examples of AFP photographs and news stories, which Google infringed by reproducing and displaying them on Google News. AFP provided these specific examples both in the Amended Complaint and through materials produced in discovery. *See* Amended Complaint at 29-

35; Amended Complaint at Exhibits A1-A4. Attached Exhibits A and B are excerpts from the first of seven volumes of discovery materials recently produced to Google. Admittedly, AFP gave this information to Google after Google filed its Motion to Dismiss, but the timing of this disclosure should not be fatal to AFP's Amended Complaint. Although these latest materials provided more detailed information concerning AFP's claim, AFP provided the basic information in earlier responses to discovery requests. Discovery is also still ongoing and the discovery materials were arguably more responsive to more recent requests presented by Google.

In the seven volumes of materials produced in discovery, AFP identified specific AFP photos, headlines and story leads as used on Google News on specific dates. AFP also produced a copy of the underlying news article or news photograph Google copied, and the AFP copyright notice and credits for the news article or news photograph. Separately, AFP produced the copyright registrations covering these photographs, headlines and story leads. Attached Exhibits A and B show examples of the discovery materials AFP produced. Attached Exhibit C shows the corresponding copyright registrations for the AFP photos, headlines and story leads shown in attached Exhibit A. Attached Exhibit D shows the corresponding copyright registrations for the AFP photos, headlines and story leads shown in attached Exhibit B. AFP certainly did more than simply say that Google infringed "copyrighted material," which is all that the plaintiff in *Newborn v. Yahoo* apparently did.

AFP's Amended Complaint also alleges that AFP's photographs and news stories are original and creative works. *See* Amended Complaint at 11. AFP also alleged that it owns the works in question. *See* Amended Complaint at 58. While AFP did not list

specific registration numbers, unlike the plaintiff in *Newborn v. Yahoo*, AFP clearly alleged that it registered the relevant copyrights in accordance with the statute. *See* Amended Complaint at 57. For example, AFP's Amended Complaint alleges that "[t]hrough quarterly group registrations **AFP has registered its copyrights in all of the images on its online database** . . . since at least January 1, 2002." Amended Complaint at 16 (emphasis added). Likewise, AFP's Complaint alleges that "**AFP has registered its copyrights in all of its news wires** . . . since at least January 1, 2002." Amended Complaint at 19 (emphasis added). Further, AFP's Amended Complaint alleges that with respect to the AFP Photographs, headlines and story leads, "AFP has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyrights in the works, when published, with the US Library of Congress's Copyright Office in accordance to its rules and regulations." Amended Complaint at 50, 57 and 65. AFP produced its copyright registrations to Google in discovery. For example, Exhibits C and D show the copyright registrations relating to the AFP photographs, headlines and story leads show in attached Exhibits A and B. By statute, these copyright registrations represent *prima facie* evidence of the validity of the copyright and of the facts stated in each certificate. 17 U.S.C. § 410.

AFP's Amended Complaint is likewise replete with specific allegations concerning the acts by which Google infringed AFP's copyright. *See* Amended Complaint at 28-35, 41, 51, 59, and 67. AFP has put Google on notice that it is infringing "the "heart" of AFP's stories by taking what qualitatively are the most important elements of the individual news stories (i.e., the photographs, headlines and story leads)." Amended Complaint at 41.

AFP's Amended Complaint also places Google's infringement in time. For example, AFP alleges that "Defendant is aware that it is infringing AFP's copyrights and it has done so since the September 2002 launch of Google News." Amended Complaint at 39.

Google's Motion to Dismiss ignores all of these allegations. Instead, Google asks this Court to dismiss the Amended Complaint because AFP alleged that "[o]n information and belief, Defendant has violated AFP's copyright thousands of times (an accurate count will be determined after discovery and review of all stories and photos which have appeared on Google News). Amended Complaint at 42. Google focuses only on the phrase "Defendant has violated AFP's copyrights thousands of times," and ignores the remainder of the allegation. And after focusing on only part of the allegation, Google says that this Court should dismiss the entire Amended Complaint because, to date, AFP has not produced evidence showing "thousands" of acts of infringement by Google.

It is clearly not necessary for AFP to present all of its proof in the initial complaint. *See Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000). AFP is not even required to identify with a high degree of specificity every infringing act. *See Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993) (reversing dismissal of copyright infringement complaint where defendants were put on notice that a "factual compilation" was at issue and discovery provided an opportunity to pursue the matter in detail); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001) (denying motion to dismiss for failure to state every image that is infringed, specific web pages

that infringe, and dates of infringement because complaint provided fair notice of allegations. To require otherwise "would defeat the regime established by Rule 8.").

AFP's allegation, which was based on its reasonable good faith belief, is sufficient to survive Google's Motion to Dismiss. AFP has shown that Google repeatedly reproduced and displayed AFP's photographs, news headlines and story leads without authorization. While AFP does not *yet* have evidence showing "thousands" of acts of infringement, the fact is that discovery is ongoing. Moreover, it is Google that has, to this point at least, *refused* to give requested discovery concerning the reproduction of AFP's photographs, news headlines and story leads on Google News. For example, in response to a simple discovery request for "[c]opies of all AFP photographs, headlines and Story Leads which appeared on Google News at any time since its inception," Google presented a litany of objections and produced no documents:

> Google objects to this request to the extent it suggests that Google displays AFP photographs and story leads on Google News. Google displays small, very low resolution thumbnail links and lead fragments on Google News. Google further objects to this request on the grounds that it is premature in light of the parties' discussions regarding sampling, and premature in light of AFP's failure to identify its registered works, the works it claims to own, and the works it asserts have been infringed in this action. Google further objections that the meaning of "AFP photographs, headlines and Story Leads" is ambiguous. The request is also unduly burdensome. The content of Google News changes minute-to-minute, identifying historic content is extremely difficult, burdensome and expensive, and AFP has not offered or arranged to bear the costs attendant to collecting documents responsive to this request.

*See* attached Exhibit F (Google's Response to Document Request Number 5).

Google is the one playing "hide the ball" on discovery. Why else would Google declare in the very first sentence of its Answer that its "business and mission is to organize the world's information and thereby maximize its usefulness," and then argue in response to a request for "[c]opies of all AFP photographs, headlines and Story Leads which appeared on Google News at any time since its inception," that the task of identifying these photographs, headlines and story leads is too difficult, burdensome or expensive for it to assume.

Google asks this Court to dismiss AFP's Amended Complaint because AFP has not identified all of Google's infringements, yet Google controls access to that information and refuses to provide it in discovery. Google is trying to set up a classic "Catch-22." Google constantly changes what it displays on Google News such that no potential claimant for copyright infringement can ever capture on its own the full extent of Google's infringing conduct. Google, which is "best known for the tools it provides for locating information on the World Wide Web ("web") should not be permitted to deny a plaintiff like AFP access to Google's own database and search tools and then ask the Court to dismiss the complaint because AFP did not specifically identify "thousands" of acts of infringement. There is no dispute that Google News is "organized by topic to allow users quickly to find a variety of different sources for any given news topic." There is also no dispute that Google modified its search tools after AFP filed this lawsuit so that AFP content is excluded from Google News. In light of these facts, Google's attempt to argue that it cannot identify its own historic content should be revealed for what it is – just an attempt to avoid producing evidence of

infringement. Given such behavior, this Court should summarily deny Google's Motion to Dismiss AFP's Amended Complaint.

AFP produced its copyright registrations, gave Google electronic access to its archives of news stories and photographs, and identified specific examples of news headlines, story leads and photographs copied by Google on Google News. This Court should not penalize AFP because it was not able to capture all the evidence of every infringement prior to filing suit. AFP has the right to develop additional details through discovery – for example, identification of other AFP photographs, headlines and story leads Google copied without authorization. *See Tin Pan Apple, Inc. v. Miller Brewing Co., Inc.*, 737 F. Supp. 826, 839 (S.D.N.Y. 1990) ("Defendants may develop additional details – for example, which musical compositions and sound recordings defendants are alleged to have infringed – through customary pre-trial discovery.").

AFP should also not be penalized because it responded appropriately to poorly drafted discovery requests from Google. When a respondent must define for itself the scope of the request before responding, the discovery request is objectionable. *See Alexander v. FBI*, 186 F.R.D. 21, 36 (D.D.C. 1998) ("It is not the role of the witness to define the scope of a document request.") Google did not ask AFP to admit whether it has ever quoted President George W. Bush in any headline or story leads. Google clearly knew which AFP story or stories it had in mind when it asked AFP to admit that "President George W. Bush is quoted in headlines and story leads that AFP claims Google has infringed by copying." Google should have identified the specific news articles and not expected AFP to guess. The fact that Google served a large number of otherwise vague and objectionable requests for admissions and got appropriate objections

to those requests from AFP does not render AFP's Amended Complaint in any way deficient.

### III. CONCLUSION

For the foregoing reasons, AFP's Amended Complaint meets the pleading requirements of Rule 8(a), even viewed in light of the four-part pleading requirement adopted by Judge Walton in *Newborn v. Yahoo*. AFP's Amended Complaint also survives challenge under Rule 12(c). Accordingly, this Court should deny Google's Motion to Dismiss.

Respectfully submitted,

Dated: October 24, 2005

/s/
Joshua J. Kaufman, Bar No. 945188
Mary Jane Saunders, Bar No. 436608
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
202-344-8538 (phone)
202-344-8300 (fax)
jjkaufman@venable.com

*Counsel for Agence France Presse*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 24th day of October, 2005, I caused a true copy of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss to be served on the following persons by email and facsimile transmission.

      Andrew G. McBride (Bar No. 426697)
      Bruce G. Joseph (Bar No. 338236)
      Thomas W. Kirby (Bar No. 915231)
      WILEY REIN & FIELDING LLP
      1776 K Street, N.W.
      Washington, D.C.  20006
      Tel:  (202) 719-7000
      Fax:  (202) 719-7049

      *Attorneys for Defendant Google, Inc.*


                          /s/
      Mary Jane Saunders