IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGENCE FRANCE PRESSE, ) | |
|    *Plaintiff and Counter Defendant* ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV00546 (GK) |
| ) | Next Due Date: March 21, 2006 |
| GOOGLE INC., ) | (Status Conference) |
|    *Defendant and Counter Plaintiff* ) | |

**GOOGLE'S REPLY TO AFP'S OPPOSITION
TO GOOGLE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

AFP's Opposition confirms that its Complaint does not give fair notice of the "thousands" of copyrighted works AFP accuses Google of infringing. AFP argues that its defective pleading should be excused because, "[a]dmittedly … <u>after</u> Google filed its Motion to Dismiss," Opp. at 6, AFP for the first time gave Google access to computer databases and other materials containing items, some of which AFP may regard as its copyrighted works and some of which it may claim that Google copied. The Court should reject AFP's arguments and dismiss the Complaint because:

- Identification of AFP copyrighted works copied by Google is central to AFP's claims.

- Rule 8(a) must be satisfied within the four corners of the Complaint, <u>not by production in discovery</u>.

- Even if the Court had discretion to hold that discovery responses satisfied Rule 8(a), it should not look to materials withheld without explanation until the day after a motion to dismiss was filed.

- In any event, AFP's belated discovery responses <u>still do not plainly state the copyrighted "works" that Google is accused of copying</u>.

1. **IDENTIFICATION OF AFP COPYRIGHTED WORKS COPIED BY GOOGLE IS CENTRAL TO AFP'S CLAIMS**

The failure of AFP's Complaint to identify the copyrighted works it accuses Google of infringing means that the heart of AFP's claims is missing. "Copyright protection subsists … in

original works of authorship." 17 U.S.C. § 102(a). Ownership of copyright initially vests "in the author … of the work." *Id.* at § 201. Infringement consists of unauthorized copying (and other uses) of "the copyrighted work." *Id.* at § 106. And the defense of fair use turns on the "use made of a work." *Id.* at § 107. The most basic element of a copyright claim, therefore, is a protected work that has been copied.

The fact that a headline, lead sentence, or photograph appears in an AFP database or is attributed to AFP on third-party websites does not satisfy AFP's obligation to identify the specific works alleged to be infringed; indeed, that fact does not even mean that AFP can (or does) claim any particular headline, lead sentence, or photograph as a protected "work." For example, AFP would not own any copyright in an article or image supplied by stringers or other independent contractors unless (i) it is a work made for hire as narrowly defined by the Copyright Act, 17 U.S.C. § 101; *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 742-43 (1989), or (ii) AFP acquired the copyright via a written assignment, 17 U.S.C. § 204(a). So far as Google can determine, much of the materials in the databases that AFP belatedly supplied were contributed by stringers (contractors), not employees, and thus cannot be works made for hire absent specific commission for use as a collective work or compilation. 17 U.S.C. § 101. Moreover, AFP has not produced any assignments allowing a determination of what, if anything, in the AFP databases are the copyrighted works belonging to AFP.[1]

---

[1] AFP's copyright registrations also shed little light on the critical question of identification, and indeed further illustrate the importance of the pleading obligations. AFP's registrations are "automated group databases" which included only "representative samples" of the photographs and news stories the databases purport to include. *See, e.g.,* Ex. D to AFP's Opposition (VA Registration, purporting to cover all AFP images 7/1/04-9/30/04, "represented by materials dated 9/18/04"). It is not even clear, for example, whether a "work" being asserted in this case is a compilation of photographs purportedly owned by AFP (one work) or each of many individual photographs (many works)—while at times AFP seems to suggest the latter, such an approach calls for more, not less, specificity than a compilation in light of, *e.g.*, the many substantial differences between individual works and important differences in the status of AFP's ownership

AFP also would not own materials provided by independent news sources and others. The AFP databases include at least some such items, though Google cannot readily determine which ones. *See, e.g.,* Ex. A, attached hereto (photograph in AFP database, identifying the source as the "UN" (United Nations)); Ex. B (photo in AFP database identifying the source as "The Bill & Melinda Gates Foundation"); Ex. C (military photo in AFP database identifying the source as an unidentified "Pool"). Similarly, AFP would not own headlines or lead sentences authored by its clients (*e.g.*, newspapers), and AFP's subscription agreements do not restrict such re-writing of headlines and leads by clients. Thus, Internet postings purportedly crediting material to AFP do not necessarily resolve who (if anyone) might own the copyrights and, more importantly for present purposes, what AFP-owned material is alleged to be infringed.

Additionally, as discussed in Google's co-pending motion for partial summary judgment with respect to headlines, a work must contain sufficient original expression to be a protected work. AFP's October 26, 2005 Opposition to that motion disputes Google's showing that none of the AFP headlines qualify for protection, but indicates (at 18-19) that <u>AFP may seek to protect only some of its headlines</u>. Presumably the same would be true as to lead sentences. Again, the result is that Google reasonably cannot tell from the Complaint or produced materials which items AFP claims to be protectable.

To be clear, Google does not suggest that AFP must plead factual details about how AFP obtained ownership of each pertinent copyright, what various elements of each work make it copyrightable, etc. But Rule 8(a) does require AFP plainly to identify the copyrighted works it accuses Google of copying. Such plain allegations are important, both to give Google minimal knowledge of AFP's claim and to assure that AFP has investigated the claimed works and

---

of each, etc. And of course, if the relevant works being asserted were compilations, the potential statutory damages may be significantly lower.

determined that it has an adequate factual and legal basis to make the claim.  *See* FED. R. CIV. P. 11 (setting standards of investigation and allegation).

AFP's Opposition concedes (at 3) that "some courts" hold that identification of the "work" is essential to state a copyright claim.  <u>In fact, AFP fails to cite a single case holding that a copyright claim can be pleaded without identifying the works the defendant is accused of copying.</u>  The best it can do (at 8) is to cite two opinions for the legal proposition that a plaintiff need not "identify with a high degree of specificity every infringing act," something Google never has argued.  But neither of the cases excuses the plaintiff from alleging the copyrighted works the defendant allegedly infringed.[2]

2.   **RULE 8(A) MUST BE SATISFIED WITHIN THE FOUR CORNERS OF THE COMPLAINT**

AFP acknowledges (Opp. at 2-3) that Google's Rule 12(c) motion permissibly seeks "judgment on the pleadings" that the Complaint does not state a claim in the manner required by Rule 8(a).  The law is crystal clear that, except for matters of "public record," compliance with Rule 8(a) depends solely on what appears within the "four corners" of the Complaint.  *United States v. Philip Moris, Inc.,* 116 F.Supp.2d 131, 153 (D.D.C 2000) (Kessler, J.); *Evans v. District of Columbia,* 2005 WL 2364958, *2 (D.D.C. Sept. 27, 2005) (Friedman, J.) (the Court "may not

---

[2] *Mid America Title Co. v. Kirk,* 991 F.2d 417, 418 (7th Cir. 1992), involved a single work that the plaintiff clearly identified, "Title Commitment No. 125266."  What the court there rejected was defendant's argument that the plaintiff was required to plead "the specific elements of originality" within the specified work.  *Id.* at 419-20.  Consistent with the four-factor holdings, the court said it was adequate for plaintiff to allege ownership of registered copyright in a <u>particular work</u> that the defendant had copied.  In *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 167 F.Supp.2d 1114, 1117-18 (C.D. Cal. 2001), the allegedly copied works were several magazines.  Defendant did not question that the magazines were the appropriate works or that the complaint identified them as having been infringed by defendant.  Instead, defendant argued unsuccessfully that the complaint was required to go beyond identifying the works defendant had infringed and to detail <u>each instance in which defendant had copied</u> each element of the works. *Id.* at 1120.  By contrast, AFP here alleges only that some untold copied works exist somewhere within its massive databases, and that clearly does not afford fair notice.

look outside the facts contained within the four corners of the complaint"). Thus, in *Newborn v. Yahoo!, Inc.*, 2005 WL 2416336, *4 (D.D.C. Sept. 27, 2005), Judge Walton held that <u>a copyright plaintiff could not excuse its failure to plead the works infringed by pointing to unpleaded materials provided to the defendant</u>.

Google's Motion was explicit (at 6) in seeking dismissal because AFP's <u>pleading itself</u> failed to give fair notice. Google's Motion discussed AFP's discovery violations only in order to explain the timing of the Motion (not challenged by AFP) and to demonstrate why "the dismissal should be without leave to amend."

Although AFP's Opposition superficially claims (at 4) that the Complaint satisfies the obligation to plead the works that have been infringed, it actually admits (at 4-5) that it did not do so. AFP first weakly asserts that attachments to the Complaint mentioned <u>three</u> "examples" of the supposed "<u>thousands</u>" of infringements. The Opposition then shifts immediately (at 5-7) to arguing at length about what AFP supposedly has provided <u>in discovery</u>—which is irrelevant to this Motion. AFP notes that, <u>after Google filed its Motion</u>, AFP provided access to "the universe" of possibly-infringed works, along with some more samples.[3] AFP cites no authority, however, that three ambiguous "examples" in a complaint provide fair notice of a claim that "thousands" of works have been infringed. And the belated discovery cannot save the Complaint, both because it lies outside the four corners of the pleading and for the further reasons now to be discussed.

3. **EVEN IF THE COURT HAD DISCRETION TO HOLD THAT DISCOVERY RESPONSES SATISFIED RULE 8(A), IT SHOULD NOT LOOK TO MATERIALS WITHHELD WITHOUT EXPLANATION UNTIL THE DAY *AFTER* A MOTION TO DISMISS WAS FILED**

---

[3] Obviously, the discussion herein is not to imply that AFP's belated discovery materials were proper, responsive, or complete. In fact, they are inadequate and objectionable in many respects. But dismissing the Complaint will moot such discovery issues.

Even if the Court had discretion to look beyond the four corners of the Complaint to find that discovery responses satisfy Rule 8(a)—and it cannot—it should not do so where, as here, the plaintiff's discovery responses were withheld for months, only to be disclosed the day <u>after</u> the motion to dismiss was filed. Such an approach would reward and encourage gamesmanship, both in pleading and in the timing of discovery.

AFP had ample notice of the issue. On September 1, 2005, Google wrote to AFP's counsel pointing out that AFP's continuing refusal to identify the works Google allegedly had claimed was improper and deprived Google of the fair notice that it should have received in the Complaint. *See* Ex. D (letter from Google counsel) at 1-2, attached. The letter requested (at 9) that the works be identified by September 9. After getting no satisfaction for <u>six weeks</u>, on October 12, Google moved to dismiss. Miraculously, AFP had discovery materials hand-delivered the next day. AFP's Opposition offers no explanation as to why these materials were not provided months earlier. AFP simply chose to delay.

In these circumstances, the Court should not excuse AFP from its duty to provide fair notice of the allegedly copied works within the four corners of the Complaint. Instead, it ought to consider AFP's unexplained delay only to hold that the dismissal should be with prejudice.

4. **IN ANY EVENT, AFP'S BELATED DISCOVERY RESPONSES STILL DO NOT PLAINLY STATE THE COPYRIGHTED "WORKS" THAT GOOGLE IS ACCUSED OF COPYING**

As noted above, Judge Walton's recent *Newborn* decision follows settled law in holding that compliance with Rule 8(a) must be determined from the Complaint itself. The plaintiff there argued, however, that allegedly infringed works were identified in letters to the defendant referred to in the Complaint. Judge Walton held (at *5) that, to the extent such letters could even be considered, they did not provide the fair notice required by Rule 8(a):

> [I]t is not the defendants' burden to wade through various correspondence between the parties to determine which claims the plaintiff is asserting [, particularly because] it is unlikely that the plaintiff is asserting every allegation of infringement that was contained in an earlier correspondence.

That reasoning applies here with extra force. First, the discovery material to which AFP points was not closely associated with the Complaint. It was not even available to Google when the Complaint was served and, indeed, was not provided until after the Motion to Dismiss was filed. Thus, it should not be considered. But even if it could be considered, it would not meet AFP's minimum Rule 8(a) burden to provide a "plain statement" identifying the "thousands" of AFP works Google is accused of copying.

AFP argues that Google should wade through massive databases and other materials, speculate as to which of those materials AFP claims to be its protected works, and then undertake to discover for itself whether or not sufficient protected expression from those works appeared in Google News that AFP might claim copyright infringement. As explained above, Google is not well positioned to make those judgments. But more fundamentally, that simply is not a permissible way to plead copyright infringement claims. The threshold burden lies on AFP to provide a plain statement of the protected works that it accuses Google of copying.

## CONCLUSION

AFP's Opposition confirms that the AFP Complaint is facially inadequate. AFP cannot rescue its Complaint by pointing to unpleaded discovery materials, and certainly cannot rely on materials that were withheld for months, without proffered justification, until after Google moved to dismiss. The Complaint should be dismissed and, given AFP's unfair exploitation of its pleading deficiencies and its failure to explain its conduct, the dismissal should be with prejudice.

-8-

                                                Respectfully submitted,

Dated: November 3, 2005        /s/ Thomas W. Kirby
                                                Andrew G. McBride (Bar No. 426697)
                                                Bruce G. Joseph (Bar No. 338236)
                                                Thomas W. Kirby (Bar No. 915231)
                                                Scott E. Bain (Bar No. 466657)
                                                WILEY REIN & FIELDING LLP
                                                1776 K Street NW
                                                Washington, DC  20006
                                                202.719.7000
                                                Fax: 202.719.7049