

Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wrf.com

September 1, 2005

Thomas W. Kirby
202.719.7062
tkirby@wrf.com

**VIA E-MAIL AND U.S. MAIL**

Joshua J. Kaufman, Esq.
Venable LLP
575 7th Street, NW
Washington, DC 20004

Re: *Agence France Presse v. Google Inc.*

Dear Joshua:

AFP's responses to Google's First Set of Interrogatories and First Set of Requests for the Production of Documents fall far short. Please confirm immediately that you will remedy the following defects and provide for each request the time by which we can expect full compliance.[1]

**Interrogatories**

The deficiencies in AFP's interrogatory responses are particularly disappointing because most of these interrogatories should not have been necessary. As you know, to provide fair notice of a copyright claim and the grounds on which it rests, which is the minimum Rule 8(a) requires, a complaint must allege:

> (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the [copyright] statute; and (4) by what acts during what time the defendant infringed the copyright.

*Pluncket v. Doyle,* 2001 WL 175252, *4 (S.D.N.Y. 2001) (collecting authority). The proper role of discovery then is to flesh out the details of this basic information. *Nagler v. Admiral Corp.*, 167 F. Supp. 413, 416 (S.D.N.Y. 1958) ("The plaintiffs have not only the burden of establishing their case, but the burden of informing the defendants fully as to the particulars of their claims in the detail which the interrogatories require. That is the very purpose of the discovery procedure provided by the rules….")

[1] We have proposed and will continue to discuss with you ways to streamline this case. Until and unless agreements are reached, however, discovery must continue apace.

Dockets.Justia.com

AFP's First Amended Complaint utterly failed to provide this fair notice. However, rather than waste time moving to dismiss, Google decided to seek both the basic data and the details via discovery. Google did, however, preserve its defense that AFP has failed to state a claim, and it remains available to Google via a motion under Rule 12(c) if that becomes necessary, though Judge Kessler surely would be disappointed if matters came to that. Moreover, as you know, Rule 26(b)(1) now limits discovery to material "relevant to the claim or defense" in a case. Until AFP provides the basic information sought in our initial requests, which we had expected to have by now, there are serious obstacles to Google's responses to AFP discovery.

Interrogatory Nos. 1 and 2: Starting with the basics, Interrogatory Nos. 1 and 2 ask AFP to identify all the copyrighted works that AFP alleges Google has infringed (the "Allegedly Infringed Works"), and all the copyrighted works AFP alleges Google may have infringed (the "Potentially Allegedly Infringed Works"). This information certainly should have been pleaded in the Complaint.

AFP responded by identifying a group of documents that contain screenshots from the Google News website and from websites to which Google News provided hyperlinks. Apparently, Google is supposed to sift through this material to identify the photographs and articles in which AFP claims a copyright interest.

Some, but not all, of the photographs and articles that appear on the screenshots of the linked websites have AFP credits. In some cases, the photograph has an AFP credit, but the accompanying article does not. It is not clear whether AFP claims to own a copyright interest in all of the photographs and articles that appear on the screenshots from the linked sites, or only those that include an AFP credit. And where a headline appears over text that bears an AFP credit, is AFP representing that it actually wrote that headline? If not, how can Google tell?

Moreover, all of this begs the question of identifying the "specific original works" AFP accuses Google of copying. *See Plunkett*, *supra*. Is AFP swearing that the items visible on the documents are the copyrighted AFP works? Or is it merely hinting that those documents give clues that can be traced in some fashion to find some of the actual works somewhere else? As you know, the analysis of many aspects of this case involves consideration of the specific original works. Google is entitled to know with precision the specific works AFP accuses it of infringing.

AFP objects that "discovery is ongoing, responsive information is in Google's possession, and a complete response is not possible until complete discovery from Google." This objection is baseless because AFP has asserted claims of copyright

infringement against Google and AFP bears the threshold burden of informing Google as to the particulars of its claims.

If, as the case progresses, AFP seeks leave to amend the Complaint to add new works, that motion can be addressed. But at the outset Google is entitled to know with specificity each work the present Complaint asserts that Google has infringed or may have infringed. That information is in AFP's hands and, indeed, should have been reviewed and confirmed before the Complaint was signed and served.

Accordingly, please identify each specific original AFP work that AFP alleges Google has infringed or may have infringed. As part of that, please explain exactly how the documents numbered AFP000001-AFP000582 relate to such works.

Interrogatory No. 3: Continuing Google's quest for basic data, Interrogatory No. 3 requests that AFP separately identify the copyright registrations that protect each Allegedly Infringed Work and each Potentially Allegedly Infringed Work. In response, AFP identified a group of documents that consist of U.S. copyright registrations for AFP's various databases. However, AFP did not identify which registrations, if any, protect which specific works. Also, the registrations do not include the deposits that AFP is required to submit to the Copyright Office to identify what is being registered.

AFP asserted that, in accordance with Rule 33(d), the burden of deriving the answer from the referenced documents "is substantially the same for Google as for AFP." Nonsense. As discussed above, Google has not been informed of the identity of the specific works at issue. Nor does Google know when any particular work was created or when it may have been added to a particular registered database. Even if Google had received such information, it still could not determine with certainty which registrations cover which works.

What Google wants, and what it is entitled to, is a precise and sworn correlation between AFP's copyright registrations and the Allegedly Infringed Works and Potentially Allegedly Infringed Works. To that end, Google requests that AFP separately identify, by number and date, the specific U.S. copyright registrations that protect each individual work that AFP identifies in response to Interrogatory Nos. 1 and 2.

Interrogatory No. 4: Once specific infringed works in suit are identified, Google wants to know how AFP comes to claim ownership of the copyrights in those works. Thus, the Fourth Interrogatory asks that AFP separately identify the

individuals through whom AFP claims authorship of the Allegedly Infringed Works and the Potentially Allegedly Infringed Works. This information matters. To give but one example, if AFP lacked the necessary arrangements with the individual, or if the individual lacked the necessary intent, that may be fatal to any AFP claim to be author under the work for hire doctrine.

AFP specified numerous stringer agreements and other employment-type agreements, but failed to link the individuals with specific works in issue. It asserted that the burden of deriving the answer from the specified documents "is substantially the same for Google as for AFP." Again, nonsense. Even if AFP had identified each work, which it has not, Google cannot determine from the stringer and employment agreements which individuals were responsible for the creation of which Allegedly Infringed Works and Potentially Allegedly Infringed Works.

Accordingly, Google requests that AFP separately identify each individual through whom AFP claims authorship for each work that AFP identifies in response to Interrogatory Nos. 1 and 2.

AFP's objection that this Interrogatory contains four distinct sub-parts is unfounded. It explores a single issue – the factual bases for AFP's claims of authorship in the works in issue. It therefore counts as a single question. *See* FED. R. CIV. P. 33(a), Advisory Committee Notes, 1993 Amendments.

Interrogatory No. 5: Once the specific works are identified, it becomes critical to determine how they were "published." Interrogatory 5 seeks that information for each work. Please provide it.

Interrogatory No. 7: Interrogatory 7 sought the identities of each person licensed by AFP to use its news articles and images. AFP's response referred Google to certain lists. Assuming those lists are complete, however, they fall short in a critical respect. The interrogatory asked for the identification of a contact person for each such entity. Since we now have the lists, however, we are willing to limit that aspect of the Interrogatory to discrete subsets of the licensees, provided AFP agrees to identify the contact persons promptly upon receiving the subsets.

Interrogatory No. 9: Interrogatory No. 9 seeks identification of each person and entity licensed by AFP with whom AFP has had communications concerning the inclusion of AFP news articles and images in Google News. In response, AFP stated that "the answer to this Interrogatory may be derived or ascertained from AFP's business records." This response is wholly deficient and does not comply

with the Federal Rules of Civil Procedure or the case law. Rule 33(d) provides that, under certain circumstances, the responding party may answer an interrogatory by specifying the records from which the answer may be derived. Further, "a specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." FED. R. CIV. P. 33(d). A response that merely refers to a company's business records fails to satisfy the specificity requirement and is insufficient. *Zuckerman v. Vane*, 812 F.2d 942, 946 (D.C. Cir. 2002) ("The [responding] party must identify in its answers to the interrogatories specifically which documents contain the answer. Otherwise it must completely answer the interrogatories without referring to the documents.").

Google requests that AFP comply with the Federal Rules of Civil Procedure and the case law by either answering the Interrogatory without reference to documents or by identifying with specificity the records from which the answer may be ascertained.

AFP's objection that this Interrogatory contains two distinct sub-parts is baseless. The Interrogatory seeks various details concerning particular types of communications and is treated as a single question. *See* FED. R. CIV. P. 33(a), Advisory Committee Notes, 1993 Amendments ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.").

**<u>Document Requests</u>**

AFP stated in response to every Document Request that it "<u>will search for and produce</u> responsive, non-privileged documents that are within its possession, custody or control, <u>to the extent that any exist</u>, which documents may include those produced at [bates range AFPXXXXXX-AFPXXXXXX]." Over one month has passed since AFP submitted its discovery responses, yet AFP has not produced any additional documents or provided any further information. Google does not know whether additional responsive documents exist or whether any such documents are being withheld based on privilege or other grounds. AFP has had more than enough time to produce the documents it promised to produce in its responses. Accordingly, Google requests that AFP respond individually to each document request by either (1) producing all documents responsive to the request, (2) stating that no such documents exist, or (3) stating that responsive documents are being withheld on privilege or other grounds. *See Fonville v. District of Columbia*, ___ F.R.D. ___, No. CV.A. 02-2353, 2005 WL 1244816, at *8 (D.D.C. July 25, 2005)

(noting that a responding party must make clear whether responsive documents exist, and, if so, whether it has produced all such documents within its custody and control or whether it is withholding documents on the basis of privilege).

AFP also objected to every Request on the grounds that the Requests are "overly broad" and "unduly burdensome." Please identify, individually for each Request, whether and to what extent AFP is withholding documents based on these objections.

In several responses, AFP stated that it "may" or "will" produce documents in redacted form, *see* Response to Request Nos. 7 and 10, and many of the license agreements that AFP has already produced contain redactions. These same documents are marked "Restricted Information – Subject to Protective Order." In view of the fact that a protective order has been entered in this case, redactions are superfluous. Accordingly, Google asks that AFP either produce all documents in un-redacted form or provide a detailed explanation of the need for such redactions, as well as a sufficient description of the redacted information to let us make an informed judgment whether to acquiesce in the redactions.

Requests for Production Nos. 1 and 2: Google requested that AFP produce a copy of each Allegedly Infringed Work and Potentially Allegedly Infringed Work. This information is vital for the reasons discussed in connection with Interrogatories 1 and 2. AFP objected to these requests on the grounds that "discovery is ongoing, responsive information is in Google's possession, and a complete response is not possible until complete discovery from Google." As explained with respect to Interrogatories 1 and 2, AFP, as the plaintiff in this case, bears the threshold burden of informing Google as to the particulars of its claims, which includes identifying the specific works that AFP alleges Google has infringed or may have infringed. Obviously, Google is entitled to inspect the works thus identified.

Incredibly, AFP also objects to these Requests as "ambiguous, overly broad and unduly burdensome." AFP instituted this action for copyright infringement against Google. It has the burden of identify the specific original works that it accuses Google of copying. Since AFP has both the right and duty of specifying those works, its objection that this request is "ambiguous, overly broad and unduly burdensome" is simply an indictment of the Complaint and of AFP's interrogatory answers.

Google requests that AFP produce copies of all works that it alleges Google has infringed or may have infringed.

Request for Production No. 3: Google requested that AFP produce, separately for each Allegedly Infringed Work and Potentially Allegedly Infringed Work, a copy of the copyright registration certificate that applies to each work, or, alternatively, one copy of each registration certificate along with a list identifying which works are covered by which certificates. The point is simple: registration matters for many purposes and Google should not have to play a guessing game as to the timing, contents, and validity of registrations for particular works it is accused of copying. AFP produced a group of copyright registrations, but did not identify which registrations cover which works. Assuming that this is the complete universe of relevant certificates, Google requests that AFP produce a list identifying which copyright registration certificates correspond with each individual Allegedly Infringed Work and Potentially Allegedly Infringed Work.

Request for Production No. 4: Request No. 4 seeks a copy of each document related to the copyright registration of each Allegedly Infringed Work and Potentially Allegedly Infringed Work. AFP objected on the grounds that this request is "repetitive of Request No. 3" and responded by referencing the response to Request No. 3, which identified AFP's copyright registration certificates. Google disagrees that this request is repetitive. Request No. 3 seeks a copy of each copyright registration certificate that protects each work, and Request No. 4 seeks a copy of each document related to the copyright registrations of the works. This would include, for example, internal communications leading to the registration, the sources of information included in the registration, questions about the registration, communications with the Copyright Office about the registration, etc. Google therefore requests that AFP produce such materials or, alternatively, confirm that the copyright registration certificates are the only non-privileged documents within its possession, custody or control that relate to the copyright registrations of the Allegedly Infringed Works and Potentially Allegedly Infringed Works.

Request for Production No. 5: This Request seeks documents sufficient to identify, separately for each Allegedly Infringed Work and Potentially Allegedly Infringed Work, the individuals who created each work. Again, this matters since such information goes directly to AFP's claims to own copyrights in the various works. AFP produced various stringer agreements, employment-type agreements and personnel lists that identify individuals who are or have been employed by AFP, but they do not indicate which individuals are responsible for the creation of which works. Please produce documents sufficient to identify, separately for each work, the individual or individuals responsible for the creation of each work.

Request for Production No. 6: Request No. 6 seeks all documents, including correspondence or agreements, pertaining to ownership or authorship of each Allegedly Infringed Work and Potentially Allegedly Infringed Work. This information is important for the reasons just discussed with respect to Request No. 5. AFP produced stringer agreements and employment agreements, but did not indicate which agreements correspond with which works. Please identify which agreements correspond with which works.

Request for Production No. 7: AFP states that certain responsive documents will be made available for inspection and copying at the location(s) where the records are kept in the ordinary course of business. However, AFP has failed to indicate what specific documents in what quantities are located where. Such information is necessary for Google to make informed decisions as to whether to go certain places for inspection, simply order wholesale copying, serve interrogatories to obtain the information, or seek special relief from the Court. Accordingly, to the extent that AFP intends to produce documents by making them available at locations outside Washington, D.C., please identify each location and provide details on what types of documents responding to which requests are present in what quantifies at each such location.

Request for Production No. 8: This Request seeks all documents memorializing, discussing, reflecting or referring to any license agreement or contract between AFP and any authorized user of AFP news articles and images. AFP objected to this Request on the ground that it "overlaps" with Request No. 7 and responded by referring to its response to Request No. 7. Not so. Request No. 7 seeks a copy of all license agreements while Request No. 8 seeks a copy of all documents memorializing, discussing, reflecting or referring to any license agreement. Please produce all such documents or confirm that AFP has none that have not been produced.

Request for Production No. 9: Unlike the responses to the other Requests in which AFP produced at least some documents, AFP produced no documents in response to this Request. AFP simply responded that it "will search for and produce responsive, non-privileged documents that are within its possession, custody or control, to the extent that any exist." It has been over one month since AFP submitted this response and AFP has not produced any documents. Google asks that AFP provide a complete response to this Request by producing all responsive, non-privileged documents, stating that no such documents exist, or stating that responsive documents are being withheld on the basis of privilege or other grounds.

* * *

Please respond to this letter by Friday, September 9, 2005. Also, by noon on that day, please provide full and complete responses to Google's First Set of Interrogatories and First Set of Document Requests. We will be prepared to discuss your response at a mutually convenient time on Tuesday or Wednesday of the following week, followed promptly by any necessary motion to compel, though I hope such a motion will not be necessary.

Sincerely yours,

Thomas W. Kirby

WRFMAIN 12370432.4