IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGENCE FRANCE PRESSE,<br>*Plaintiff and Counter Defendant*<br><br>v.<br><br>GOOGLE INC.,<br>*Defendant and Counter Claimant* | )<br>)<br>)<br>)  Civil Action No. 1:05CV00546 (GK)<br>)  Next Due Date: March 21, 2006<br>)  (Status Conference)<br>) |

**STIPULATION REGARDING DETERMINING LIABILITY
FOR INJUNCTIVE COPYRIGHT RELIEF**

In response to the Court's direction on January 11, 2006 and to facilitate resolution of this case, AFP and Google hereby stipulate, subject to the Court's approval, to the following:

1. The copyright applications and registrations relied upon by AFP appear in Exhibit 1 hereto. Correspondence between AFP and the Copyright Office relating to particular applications or registrations are included with each application. The AFP registrations relate to several databases maintained by AFP. This Stipulation focuses on a database of English language articles (the "English Article Database"), French language articles (the "French Article Database"), and of photographs (the "Photograph Database"). The parties agree that separate evaluation of the German or Spanish language database(s) is not necessary to assessing liability for equitable copyright relief. The parties reserve their respective positions on whether any claim of infringement related to German or Spanish language works has been properly pled.

2. On or before January 30, 2006, the parties shall select 14 dates, at random, from the time periods between August 1, 2003 and July 31, 2004 and between October 1, 2004 and March 1, 2005, with the understanding that the selection shall include 2 each of each day of the week and at least 5 dates from the second above stated period. Days that are national holidays in the United States or France shall be excluded from consideration.

3.   On or before March 31, 2006, Google shall produce to AFP the contents of the Google News home page in English and in French (appearing at the following URLs: news.google.com, and news.google.fr) as each existed each hour, on the hour, of the selected days based on U.S. Pacific time.

4.   On or before May 31, 2006, AFP shall identify each headline, story lead and photograph contained in the English Article Database, French Article Database and Photograph Database that was displayed by Google News during the selected days as well as each copyrighted work owned by AFP that AFP contends was infringed by such display.  (The parties disagree as to how to characterize the Google News display and AFP's copyrighted works, and no inference shall be drawn as to any legal issue related to that disagreement from this Stipulation or any language contained herein).  In addition, AFP shall identify the copyright registration it asserts covers each of said works.  The First Amended complaint shall be deemed to have been amended to address only said identified items.

5.   In the event that the procedure set forth above identifies fewer than 25 photographs contained in the Photograph Database or headlines or story leads from fewer than 25 articles contained in each of the English Article Database and the French Article Database, then, if the parties are unable to reach agreement on the proper means of proceeding, AFP may move by no later than June 7, 2006, for additional sample days of Google News home pages or the English language "World" page from the time periods set forth above, and Google reserves all rights and positions in opposition to any such motion.  Nothing herein is intended to imply that a sample of fewer than 25 of any of the foregoing items is an insufficient basis to proceed.

6.   For purposes of resolving all of AFP's claims to injunctive relief, the universe of specific alleged infringements to be considered shall be limited to those properly identified

pursuant to the above stated procedure.  For purposes of injunctive relief only, the identified items shall be deemed generally representative of the universe of alleged infringements.

    7.    Google's pending motion to dismiss the Complaint for failure to identify the allegedly infringing works shall be deemed withdrawn ten business days following the proper conclusion of the procedure set forth above as to the items identified pursuant to that procedure. Nothing herein is intended to affect any other pending motion. The parties intend for this Stipulation to substantially limit the scope of permissible discovery on the claims of liability for injunctive relief.  This Stipulation, however, is not intended to limit the legal issues that may be relevant to those claims as related to the items identified in this Stipulation or to prevent discovery that is reasonably calculated to lead to evidence reasonably material to those issues. Discovery on all issues other than the claims for injunctive relief and defenses thereto shall be deferred.

    8.    The parties do not stipulate that monetary liability can be imposed on the basis of a sample or that the items identified pursuant to this procedure, to the extent that they are a sample, provide a fair or accurate sample for purposes of monetary liability.  Further, Google expressly reserves its position that it cannot be required to incur the serious burden and expense of reconstructing past Google News pages other than as set forth in this Stipulation or for any purpose other than those set forth in this Stipulation.  It has agreed to the limited reconstruction specified above only for the purpose of voluntarily minimizing disputes and providing a basis for testing of AFP's claims for injunctive relief.

    9.    The discovery schedule shall be revised to accommodate the procedure set forth above, in accordance with the following schedule:

    a.    Proponent's Rule 26(a)(2) Statements are due July 31, 2006.

    b.    Opponent's Rule 26(a)(2) Statements are due September 29, 2006.

    c.    All discovery is closed on October 15, 2006.

    d.    The deadline for filing Dispositive Motions is December 15, 2006.

SO AGREED this 23rd day of January, 2006:

| FOR AFP: | FOR GOOGLE: |
|---|---|
| /s/ Joshua Kaufman | /s/ Thomas Kirby |
| Joshua J. Kaufman (Bar No. 945188) | Andrew G. McBride (Bar No. 426697) |
| Mary Jane Saunders (Bar No. 436608) | Bruce G. Joseph (Bar No. 338236) |
| VENABLE LLP | Thomas W. Kirby (Bar No. 915231) |
| 575 7th St. NW | Scott E. Bain (Bar No. 466657) |
| Washington, DC 20004 | WILEY REIN & FIELDING LLP |
| 202.344.8538 | 1776 K St. NW |
| Fax 202.344.8300 | Washington, DC 20006 |
|  | 202.719.7000 |
| Attorneys for Agence France Presse | Fax: 202.719.7049 |
|  | Attorneys for Google Inc. |

SO ORDERED:

_____

Gladys Kessler
United States District Judge