**IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AGENCE FRANCE PRESSE, )<br>　*Plaintiff and Counter Defendant* )<br>)<br>v. )<br>)<br>GOOGLE INC., )<br>　*Defendant and Counter Claimant* ) | Civil Action No.  1:05CV00546 (GK)<br>Next Due Date:  July 18, 2006 (Status Conference) |

GOOGLE'S PRE-CONFERENCE STATUS REPORT

　　　In anticipation of the conference on Tuesday, July 18, Defendant/Counter Claimant Google Inc. ("Google") submits this status report.

　　　1.　　This copyright infringement action asserts that Google News home pages have infringed unidentified thousands of AFP's alleged copyrights in its news headlines, leads, and news photos.  Google moved to dismiss the complaint for failure to plead the identity of the allegedly infringed works.

　　　2.　　The parties entered into a January 23, 2006 Stipulation Regarding Determining Liability for Injunctive Copyright Relief, a copy of which is Exhibit A.  It provided that the parties would select certain dates for which Google would provide reconstructions of the Google News home page.  Two months later, AFP was to identify each of its copyrighted works that it alleged were infringed by the provided Google News pages and the copyright registration alleged to protect each such work.  For injunctive purposes, the works so identified were to serve as the universe of allegedly infringed works.

　　　3.　　The parties agreed on sample dates and Google News provided reconstructed home pages for most of them.  In the course of producing the identified dates, however, Google discovered that, contrary to its prior understanding, it could not reconstruct its home pages for some of the agreed days.  Google also discovered that it did not store the thumbnail images that

1

appeared in Google News. Instead, the reconstructed pages for the sample dates included a box with the Internet addresses from which thumbnail photos had originated, rather than the thumbnails themselves.

4. Upon being advised of these developments and after having inspected the reconstructed pages, AFP agreed with Google to identify replacement dates for which pages would be supplied. As evidenced in the email exchange that is Exhibit B hereto, AFP and Google agreed that the new dates were "acceptable for the purposes outlined in the parties' January 23, 2006 Stipulation." Google provided the reconstructed home pages for the agreed dates.

5. By letter of May 31, 2006 (Exhibit C hereto), AFP informed Google that it could not feasibly identify the sources of the Google News thumbnails from the Internet addresses provided because aged news publications typically did not remain available. AFP proposed to substitute for all purposes (including headlines and leads), copies of Google News pages that AFP representatives had created at various times before Google News stopped carrying AFP materials. The letter was silent concerning AFP's ability to identify allegedly infringed headlines or leads from the reconstructed home pages, which contained all of the material contemplated by the Stipulation pertaining to headlines and leads.

6. Following some discussion, by letter of June 19, 2006 (Exhibit D hereto), Google responded that the stipulation had succeeded as to headlines and leads. The January 23 Stipulation provided (¶ 5) that, if the process produced at least 25 sample articles from which headlines or leads had appeared on Google News, those would form the sample universe. Although AFP reported some difficulty in identifying the works from which the headlines and leads originated, it did not claim it was unable to identify at least 25 articles from which the

Google News samples had used headlines or leads.  Accordingly, Google asked AFP promptly to identify the works and registrations as required by the Stipulation.  <u>AFP has not identified such works or registrations.</u>

7.      Google's June 19 letter agreed the parties had assumed that the thumbnails could be traced to their Internet sources, and this did not appear feasible under the agreed process.  Accordingly, Google offered to discuss an alternate approach with respect to thumbnails.  However, Google explained that before it could consider agreeing to a sample unilaterally selected by AFP, it would need disclosure of how, why, when, by whom, and for what purpose the samples were collected.  <u>AFP has not responded to this request or explained why it is unreasonable.</u>

8.      The January 23 Stipulation provided (¶ 7) that "Google's pending motion to dismiss the Complaint for failure to identify the allegedly infringing works shall be deemed withdrawn ten business days following the proper conclusion of the procedures set forth above as to the items identified pursuant to that procedure."  No such items have been identified.  The fully argued motion accordingly remains pending and ripe for decision.

9.      The January 23 Stipulation also provided (¶ 7) that the sampling process would not "affect any other motion."  Two such fully briefed and argued motions are pending and ripe for decision.  They are Google's motion for partial summary judgment dismissing the headline infringement claims and AFP's motion to dismiss aspects of Google's Answer, Defenses, and Counterclaims.

10.     The parties have exchanged letters addressing deficiencies in the written and document discovery that each has provided the other.  However, because Google does not yet have fair notice of the most basic aspect of a copyright case – the identity of the allegedly

infringed works and the copyright registrations alleged to protect such works – the case came to a halt and the parties requested a conference with the Court.

In these circumstances, Google respectfully suggests that the time has come to dismiss AFP's complaint alleging infringement of thousands of unidentified works. In light of AFP's failure to comply with the Stipulation with respect to headlines and leads, this dismissal should be with prejudice as to those claims. (If the dismissal were not with prejudice, it would provide useful guidance for the parties if the Court were to decide Google's pending motion for partial summary judgment rejecting the headlines claims).

With respect to the thumbnail images, if AFP believes it can re-plead successfully, Google suggests that a date be established for submission of a motion to amend with a draft complaint attached. The amended complaint should be limited to identified works and copyright registrations. Alternatively, Google is willing to entertain and discuss a method to identify a reasonable sample of allegedly infringing images. In that event, however, because the scope of the case has not yet been defined, the dates set by the present schedule should be extended by at least 90 days.

June 14, 2006                                  Respectfully submitted,

/s/ Thomas W. Kirby
Andrew G. McBride, Bar No. 426697
Bruce G. Joseph, Bar No. 338236
Thomas W. Kirby, Bar No. 915231
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7000
(202) 719-7049 (fax)

*Counsel for Google Inc.*