IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGENCE FRANCE-PRESSE, | : | |
| Plaintiff and Counter Defendant | : | |
| | : | |
| v. | : | Civil Action No. 1:05CV00546 (GK) |
| | : | |
| GOOGLE, INC., | : | Next Due Date |
| Defendant and Counter Claimant | : | Status Conference: November 21, 2006 |

**PLAINTIFF AGENCE FRANCE-PRESSE'S PRAECIPE**

Pursuant to the Court's Order of July 18, 2006, Plaintiff is filing this status Praecipe.

1. Plaintiff has provided to the Defendant the materials called for in the parties' Stipulation Agreement. Specifically, it provided them with forty-eight (48) photographs along with accompanying documentation identifying the status and ownership of the works and the related copyright registration information. It provided two hundred and forty two (242) French story leads and headlines; it also provided identifying status and ownership of the various works and the related copyright registration information. It provided four (4) English stories and eleven (11) English headlines identifying the status and ownership of the various works and the related copyright registration information.

2. The reason for the significant differential in the French and English stories arises from two separate causes. The first, as the Court will recall, Google

was not able to provide AFP with identifying material for the last year and a half to two years of the period at issue. AFP's online presence, as with all information providers, has grown over the period with its English presence being more limited in the earlier years and more expansive in the later years. Also, under the Stipulation of the parties, Google provided just the home page of Google News from the agreed to dates from which stories were gathered. Most AFP stories did not appear on the home page but rather in the "World" section; therefore, in all likelihood in the earlier time frame, there were more English language AFP stories appearing on Google News on the days selected, but they were not revealed due to the nature of the Stipulation.

3. AFP, in the normal course of discovery prior to the Stipulation, provided documents to Google. In those documents were two (2) additional English stories and eleven (11) additional English headlines. AFP incorporated those into the materials provided to Google pursuant to the Stipulation in order to augment the rather limited English samplings derived from the Stipulation. As such, AFP has complied with its obligations under the Stipulation.

4. AFP understands from conversations with Google's counsel that it will be dismissing its pending Motion to Dismiss only as to those stories, photographs and headlines presented pursuant to the Stipulation. As their Motion to Dismiss has been fully briefed, AFP will only point out that it strongly believes that it has certainly satisfied the basic requirements for

pleading its claim in its Complaint; they have now provided hundreds of samples of infringements, these coming only 14 days over a period of more than three years.  Therefore, its representation that perhaps thousands of images, stories and photographs have been infringed upon is supported by the evidence.  Since the parties have agreed to resolve the legal issues based on the sampling, the underpinnings of the Motion to Dismiss disappear.  For the purposes of determining the legal issues it does not matter if there were hundreds or thousands of infringements.  The number of infringements now only applies to damages.  AFP will be obligated in the damage phase of this case, which has been bifurcated, to show the extent and the nature of Goggle's infringing conduct as part of demonstrating the amount of damages to which it is entitled.  Defendant is clearly on notice of the nature and scope of Plaintiff's claims.  The only issue in that regard which is unclear is the exact number of infringements which will become more apparent through discovery and resolved in the damage phase of the case.

5. The final element in the Court's Order was asking the parties whether they could meet the proposed dates.  The parties believe that in light of the time it has taken to get to this point, the fact that there are numerous open discovery issues regarding interrogatories and document production that the parties need to work through, and the holiday season coming at what would be a critical time in trying to schedule depositions that the current

schedule will not allow the parties to suitably conduct discovery in this case.

6. Therefore, the parties jointly request a 60-day extension on the dates set forth in the current Order.

Respectfully submitted,

/s/ Joshua J. Kaufman
**VENABLE LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-8538
Facsimile: (202) 344-8300
Email: jjkaufman@venable.com