IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGENCE FRANCE PRESSE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, INC.,<br><br>　　　　　　　Defendant. | Civil Action No.: 1:05CV00546 (GK)<br><br>Next Status Conference:　November 21, 2006 |

**DEFENDANT GOOGLE'S PRAECIPE REGARDING
MOTION TO DISMISS AND SCHEDULING**

**I.　MOTION TO DISMISS**

　　The Court has ordered Defendant Google, Inc. ("Google") to "either withdraw its pending Motion to Dismiss [Dkt. No. 23] or file a praecipe explaining why it believes that Motion should be decided on the merits." Order at 1-2 (July 18, 2006) [Dkt. No. 47] ("Order"); *see* Google's Motion and Memorandum for Judgment Dismissing the Complaint for Failure to State a Claim [Dkt. No. 23] ("Motion to Dismiss"). As set forth in further detail below, Google withdraws its Motion to Dismiss as to the specific works and copyright registrations Plaintiff AFP now has identified, but requests that the motion be granted as to the portions that allege violations of "thousands" of unidentified works.

　　Google's Motion to Dismiss contended that a valid claim of copyright infringement must identify both the allegedly infringed works and the applicable copyright registrations. After the motion was fully briefed, the parties stipulated to a procedure by which Plaintiff AFP was to identify works it claimed to be infringed. Stipulation Regarding Determining Liability For Injunctive Copyright Relief [Dkt. No. 37] ("Stipulation"). Pursuant to the Stipulation and the

Order, Plaintiff produced a total of two hundred and forty three (243) French headlines and/or leads, forty eight (48) AFP photos, and fifteen (15) English headlines and/or leads that have appeared in some form on Google News.[1]

The Stipulation provided that, once works were identified, Google's pending Motion to Dismiss would be deemed withdrawn "as to the items identified pursuant to that procedure." Stipulation ¶ 7.  However, the Stipulation did not say, or even suggest, that Google would withdraw its motion with respect to AFP's effort to assert claims for infringement of other unspecified "thousands" of works.   Accordingly, Google withdraws the Motion to Dismiss with respect to the three hundred and six (306) identified works and requests that the Court enter an order (1) deeming the Complaint amended to assert infringement of those specific works (and identified copyright registrations) , and (2) dismissing the Complaint to as to all other works.

## II.    SCHEDULING

Anticipating that completing the Stipulation process might shed more light on the schedule, the Court also directed the parties to comment on whether the present dates should be extended.  Although their reasons may not be identical, both parties believe additional time is needed and, after discussion, have agreed the schedule should be extended by sixty (60) days.

AFP has identified 306 articles or photos it claims have been infringed.  Most of these articles are in French.  The associated contracts that govern AFP's rights, if any, to copyright ownership in those works are in eight (8) different languages.  Google has retained a translation firm, but it will be some time before the raw materials for case discovery are in usable form.

---

[1]  Only two (2) of the English headlines and/or leads actually were identified pursuant to the Stipulation; the remaining thirteen (13) English articles were gathered by AFP on an "ad hoc" basis prior to filing suit.  *See* Letter from Joshua Kaufman to Thomas W. Kirby (Sept. 15, 2006) (Exhibit A).  However, without accepting AFP's reasons and reserving possible arguments that the way the additional materials were selected limits inferences that can be drawn, Google will not seek to strike those materials.

Until that point, Google has only an approximate idea of what most of the infringed articles may say, let alone the meaning of the agreements.

Google believes that the translations will provide grounds for further motions for summary judgment excluding categories of works from the case, but cannot be certain of this until the translations are complete. To give one example, Google questions whether many of the agreements are adequate to permit AFP to claim either to be a work for hire author or an assignee of the various works. If not, AFP would not own the copyrights and its inclusion of such materials in its registration applications might establish other fatal defects. For these reasons, and because the Thanksgiving and Christmas holidays fall during the present discovery period, Google believes that the present schedule should be extended. Although AFP does not endorse all of Google's reasons, it agrees that the present dates reasonably should be extended for sixty (60) days.

Dated: September 25, 2006

Respectfully submitted,

WILEY REIN & FIELDING LLP

By: _____/S/_____
Bruce G. Joseph (Bar No. 338236)
Thomas W. Kirby (Bar No. 915231)
Andrew G. McBride (Bar No. 426697)
Wiley Rein & Fielding LLP
1776 K Street N.W.
Washington, DC  20006
TEL: 202.719.7000
FAX: 202.719.7049

Attorneys for Defendant Google, Inc.